### Supreme Lodge Knights of Honor v. Fannie Wickser.

#### No. 5986.

**Supreme Lodge Knights of Honor—Forfeiture of Membership.**—In the bylaws of the said order assessments are payable thirty days after notice, which may be by postal card; upon failure to pay, a member should be suspended by the lodge, and the term of suspension fixed by vote. A member under suspension is not entitled to the benefits of membership. A member moved from the neighborhood of the lodge and notice was handed to his son, who had made payments for the father. April 11, 1882, notice by postal card was received by the member. On 19th April at the lodge an entry was made upon the minutes "Bro. ―― suspended for nonpayment of assessment 98." April 25 the member transmitted six dollars to the proper officer, for assessments 98 and 99. The money was received 26 April, and never returned. The lodge refused to reinstate the member, who died May, 1882. *Held:* 1. That the minutes entry in the records of the lodge was not conclusive of suspension. 2. That it was competent to prove that no vote of suspension or upon duration of suspension was taken. 3. That notice to the son of the member was invalid as basis for declaration of forfeiture. 4. It not appearing that notice had been given in fact for thirty days, and the forfeiture having been declared without vote, that the declaration or forfeiture was invalid, and that the beneficiary was entitled to recover.

Appeal from Lamar. Tried below before Hon. A. M. Taylor, Special District Judge appointed by the Governor in place of Hon. D. H. Scott, disqualified.

*James O. Pierce* and *V. W. Hale,* for appellant. —1. The only admissible evidence on the question of the action of the lodge in reference to the suspension was the minutes of the lodge. Greenl. on Ev., sec. 82; Leach v. Dodson, 64 Texas, 185; Best on Ev., secs. 87, 222, 482; Whart. on Ev., sec. 63; Angell & Ames on Corps., sec. 83; Waples on Parliamentary Prac., secs. 150, 151, 207; Owings v. Speed, 5 Wheat., 424; Coffin v. Collins, 17 Me., 440.

2. Compliance with the requirements of the rules and laws of the order was a condition precedent to a recovery by appellee. Yoe v. Mut. Ben. Assn., 83 Md., 86 (S. C., 6 Am. and Eng. Corp. Cases, 641); Knights

Golden Rule v. Ainsworth, 71 Ala., 436; Hellenberg v. I. O. B. B., 94 N. Y., 584; Toran v. Ben. Assn., 4 Pa. St., 519; Harrington v. Benev. Assn., 70 Ga., 341; Sup. Council v. Curd, 111 Ill., 284; Klien v. Insurance Co., 104 U. S., 88; Eaton v. Supreme Lodge, 22 Cent. Law Jour., 560; Carpenter v. Life Assn. (Iowa), 27 N. W. Rep., 456; Equitable Society v. McLennan (Tenn.), 4 Cent. Law Jour., 150; Society v. McVey, 92 Pa. St., 512, 513, 514.

3.   Appellee (plaintiff below) must not only aver a compliance with these conditions precedent, but must prove the same fully in order to a recovery.   Taylor on Ev., sec. 365; 2 Archbold's Nisi Prius, 293; Bunyon on Life Ins., 81; Eaton v. Supreme Lodge, 22 Cent. Law Jour., 560; Worsely v. Wood, 6 Term Rep., 710; Bobbitt v. Ins. Co., 66 N. C., 78; Rawlins v. Desborough, 2 Moo. & Rob., 79; Insurance Co. v. Lindsay, 26 Ohio St., 356; Hodges v. Laurel Run Lodge, 12 Ins. Law Jour., 716; Seamans v. Life Ins. Co., 1 McCrary, 508.

4.   Wickser had in fact failed to comply with his conditions precedent as to payment of assessment No. 98, and had been suspended and was therefore not in good standing.   McMurry v. Sup. Lodge, 18 Cent. Law Jour., 372; 13 Ins. Law Jour., 569, reported 6 Am. and Eng. Corp. Cases, 616; Karcher v. Supreme Lodge, 137 Mass., 368; Eaton v. Supreme Lodge, 22 Cent. Law Jour., 560; Supreme Council v. Curd, 111 Ill., 284; Whipple v. Supreme Lodge, 15 Ins. Law Jour., 223; Benevolent Society v. Baldwin, 86 Ill., 479; McDonald v. Ross-Lewin, 29 Hun, 87.

5.   The officers and members of the local lodge, even if they are to be regarded as agents of appellant (defendant below), had no power or authority to waive a compliance with the laws of the order.   McCormick v. Bush, 38 Texas, 320; Supreme Lodge v. Grace, 60 Texas, 569; Kohn v. Washer, 64 Texas, 131; 21 Cent. Law Jour., 304; Ins. Co. v. McComico, 53 Miss., 233; Eaton v. Supreme Lodge, 22 Cent. Law Jour., 560; Painter v. Life Assn., 14 Ins. Law Jour., 556; Gray v. Benefit Assn., 14 Ins. Law Jour., 399; Insurance Co. v. Norton, 96 U. S., 239; Insurance Co. v. Eggleston, 96 U. S., 577.

*Maxey, Lightfoot & Denton,* for appellee, cited Continental Ins. Co. v. Milliken, 64 Texas, 46; Sup. Com. K. of G. R. v. Rose, 62 Texas, 321; Leach v. Dodson, 64 Texas, 188; Abbott's Trial Evidence, p. 48, last part sec. 57, also sec. 58; 1 Wharton on Evidence, sec. 77; Id., sec. 661, note 6; Id., sec. 662, note 6; Id., 663; Taymouth v. Kochler, 35 Mich., 25; Commonwealth v. Woelper, 8 Am. Dec., p. 640, note; Splawn v. Chew, 60 Texas, 532; Phœnix Insurance Co. v. Doster, 106 U. S., 30; Insurance Co. v. Eggleston, 96 U. S., 577; Insurance Co. v. Wolff, 95 U. S., 326; May on Ins., pp. 614–615, sec. 503, note 3; Id., 507, 508; Hirschl's Law of Fraternities, pp. 34, 35; Appleton v. Phœnix Mutual Life Insurance Co., 59 N. H., 54 (47 Am. Rep., 220), and authorities cited; Ma-

sonic Mutual Benefit Association v. Beck, 40 Am. Rep., 297; Printess v. Knickerbocker Life Insurance Co., 77 N. Y., 483 (33 Am. Rep., 651); Meyer v. Knickerbocker Life Insurance Co., 29 Am. Rep., 200, note; Howell v. Knickerbocker Life Insurance Co., 44 N. Y., 276.

COLLARD, JUDGE.—This suit was brought by the appellee, Fannie Wickser, against appellant, the Supreme Lodge of the Knights of Honor, for $2000 and interest on a benefit certificate of insurance on the life of her husband Fred Wickser, who died about May 17, 1882.

Fred Wickser was a member of Blossom Prairie Lodge, No. 1031, and a benefit certificate for $2000 had been issued to him for the benefit of plaintiff and his two children, in conformity with the laws of the order. After his death the children regularly transferred their rights under the certificate to the plaintiff. From the time of his admission Wickser had paid all assessments against him and all dues down to and including assessment No. 97. He was suspended by order of the dictator of his lodge on the nineteenth day of April, 1882, without vote of the lodge. The minutes of the lodge contain the following record of the suspension: "Fred Wickser suspended for non-payment of assessment 98."

There were funds in the hands of the order subject to the payment of the certificate if it was not debarred of payment by the suspension. The main question in the case is, was the suspension legal? The judge below who tried the case without a jury decided that it was illegal, and the appeal was taken from that decision and some other minor rulings.

When assessment 97 was called by the Supreme Lodge it was the duty of Lodge No. 1031 to forward the funds in its possession subject to that call and then make a call upon its members for assessment 98, so as to have assessment 98 in hand when it should be called by the Supreme Lodge.

W. H. C. Johnson was reporter of the Blossom Prairie Lodge and as such it was his duty to forward notices to the members to pay assessments. It was allowed by the rules and laws of the lodge that the notices might be given by postal cards. S. C. Hancock was financial reporter of the lodge and it was his duty to receive and receipt for all moneys paid into the lodge, to pay the same to the treasurer, and take his receipt therefor. The Supreme Lodge called upon subordinate lodges for assessment 97 on the 18th day of March, 1882. What time it was received by Lodge 1031 or what time it was read in the lodge does not appear. One of the laws of the order required members to pay assessments in thirty days after date of the notice, and upon failure to do so the member so failing was to be suspended. The time of suspension was by the constitution to be fixed by vote of the lodge. Johnson, the reporter, testified that Wickser had moved from Blossom Prairie, and not knowing his postoffice he gave notice 98 to his son George Wickser, who had been for some time paying

his assessment.    He further says:    "I do not know the exact time the notice was handed to George Wickser.    The notice was issued on the 17th day of March, 1882, as near as I can recollect.    *   *   *    I don't think I could swear to each particular notice issued, but I can swear that I issued the proper notices to every member while I was in office."    It was in proof that Fred Wickser received the notice on the 11th day of April, 1882, and that on the 25th he forwarded to Johnson, the reporter, $6, the amount of two assessments, to pay 98 called and 99 when it should be called.    This sum was received by Johnson on the 26th of the month, and he reported it to the lodge at the next meeting, and read the letter directing its application.

The court below in his findings says:    " There is no evidence of the date of this notice, either direct or circumstantial.    It was provided by the laws of. the order that if any *lodge* neglected to suspend a member when assessments were not paid in time, the lodge should pay to the Supreme Lodge double the sum due from the delinquent member.    There was no vote of the lodge as to time of suspension.

It is evident to us from the foregoing that the dictator of the lodge had not the power to declare a member suspended without vote of the members.    If he had such power it is clear the time of suspension could only be fixed by vote.    The minutes are silent upon this subject.    It does not appear that any time was fixed by vote or otherwise.    We conclude then that the attempted suspension by the dictator was illegal, and the order of suspension by him, if he had the power, was incomplete and technically insufficient to operate as a suspension, because no period of time was fixed for it as required by the constitution.

It seems the order is holding him to a very strict construction of its laws to avoid payment of the certificate issued to him, while the lodge of which he was a member failed to act legally and pass the very orders upon which relief from liability is asked.    The notice was not sent to his postoffice, as it should have been.    It was delivered to his son, who at some time forwarded it to him.    It is not clear that it bore date thirty days before the order of suspension.    He received it on the 11th of April, and on the 25th of the same month sent forward the amount demanded and a sufficient amount to pay the next call.    The order of suspension was not by vote of his lodge, and the time of suspension was not fixed as required.

Under these circumstances of failure on the part of the lodge to follow its laws in suspending a member, we can not say that the mere order of suspension as it stands on the minutes should have the effect of a complete legal suspension and invalidate the member's certificate.

The records and minutes of a private corporation are admissible to prove acts of the corporation, but they are not the only mode of proof; they are prima facie admissible but may be rebutted by parol.    Partridge

v. Badger, 25 Barb., 147; Wharton on Ev., sec. 661; Abbott's Trial Ev., p. 46, sec. 56; Id., pp. 51, 52, sec. 65.

We don't think the minutes of the lodge should be conclusive of the fact that the suspension of Wickser was legally done by the vote of the lodge. The order of suspension is especially defective and inconclusive because it fixes no period of suspension as required by the constitution. It was not error to permit Bray to state that the suspension was by order of the dictator alone.

If then Wickser was not suspended in fact for non-payment of assessment 98, was he bound to do more than he did do to pay assessment 99, which was called before his death? It does not appear that any notice was sent to him to pay assessment 99. He had sent to Johnson, the reporter, $6 to pay assessments 98 and 99, and Johnson had laid the matter before the lodge. The lodge refused to credit Wickser with the amount, evidently upon the assumption that he had already been suspended. The amount was not returned to Wickser and no offer to return it was made except by plea of tender in this suit long after the suit was brought. The lodge regarded the rights and liabilities of the parties as fixed by the supposed suspension, otherwise Wickser would have received the credit which would have paid assessment 99 when it fell due. Wickser was not in fault and in our opinion forfeited no right by the refusal of the lodge to credit him with the payment of the last assessment. For the same reasons the lodge refused to comply with the regulations of the order requiring it to send proper notice of Wickser's death to the Supreme Lodge. The Supreme Lodge was required to draw on the supreme treasurer for the amount of the benefit certificate on receipt of such notice. The death of Wickser was reported to his lodge in proper form. The Supreme Lodge had on hand a sufficient amount of funds subject to payment of the certificate sued on if the right to it had not been forfeited by suspension. Under these circumstances the beneficiaries of the certificate should not be deprived of their right to collect it. The widow of deceased, to whom all rights in the certificate had been transferred, did all she was required to do. The laws of the order prescribed the method of notice to the Supreme Lodge, which should be by officers of the subordinate lodge. If this was not done it was the fault of the lodge and not of plaintiff.

Finding that the court below should not have rendered any other judgment than he did, and finding no error in the rulings that demand a reversal, we conclude the judgment should be affirmed.

*Affirmed.*

Adopted December 11, 1888.