[Argued July 10, 1893; decided July 31, 1893.]

## WESTENFELDER *v.* GREEN.

[S. C. 34 Pac. Rep. 23.]

ADVERSE POSSESSION — ADMISSIONS OF GUARDIAN.—Declarations of a guardian in possession of his ward's land are inadmissible to affect the latter's title, or to defeat adverse possession on their part.

Multnomah County: E. D. SHATTUCK, Judge.

Action of Frederick and Ludwig Westenfelder against Flora E. Green to recover possession of certain lots in the city of Portland, resulting in a judgment for defendant, from which plaintiffs appeal. Affirmed.

*Zera Snow,* and *Wallace McCamant,* for Appellants.

*William W. Thayer,* and *Emmet B. Williams,* for Respondent.

MR. JUSTICE BEAN delivered the opinion of the court:

The facts in this case are that in the year 1867, one Jacob Westenfelder died intestate, seized of the property in question, leaving two minor children by a woman whom he represented to be his wife, and with whom he lived and cohabited as such in Oregon, but who died prior

to his death; that shortly after his death one J. E. Sedlack was duly appointed guardian of the two Oregon children, and in that capacity took possession of the land in controversy, rented and collected the rents thereof, paid the taxes and expenses of repairs, making due account of the same, and continued so to act until about the fourteenth day of June, 1880, when, one of the children having died in the meantime under age and without lineal descendants, the survivor sold and conveyed the property to the grantor of the defendant, who immediately entered into possession, and he and the defendant have continued in the exclusive adverse possession ever since. The plaintiffs claimed and attempted to show that Jacob Westenfelder, who died seized of the property in question, was their father and had lived in Leopoldshafen, in Germany, before coming to America; and while there was married to a woman by the name of Christina Stern, by whom he had four children, of whom only the plaintiffs survive; that his wife in Germany was living at the time he was married to, or commenced living with, the mother of the two children under whom defendant claims. The issues in the case were therefore two-fold: (1) whether the plaintiffs were the heirs at law of the Jacob Westenfelder who died seized of the property in question; and (2) whether the defendant, and those under whom she claims, had been in the adverse possession of the property for a length of time sufficient to bar the plaintiffs' claim, if they were such heirs. The question of adverse possession was not, of course, important, unless plaintiffs could show they were the heirs of the Jacob Westenfelder who died seized of the property; nor was the question of their heirship important if the defendant and those under whom she claimed had acquired title by adverse possession. The jury returned a general verdict in favor of the defendant, but from their special findings it appears they were unable to agree as to whether the Jacob Westenfelder, whom it was claimed

XXIV. OR.— 29.

emigrated from Germany in 1852, was the same person who died seized of the property in question. It would thus seem that the verdict of the jury must have been based on the adverse possession of the defendant and her predecessors in interest, because they were unable to agree upon the other issue in the case, and therefore if. no error appears in the record upon the question of adverse possession the judgment must be affirmed; for if the defendant has acquired title by that means, all other questions in the case become immaterial.

The possession of Sedlack, the guardian of the two Oregon children, and of defendant and her predecessor in interest, is conceded to have been exclusive and continuous from the death of Westenfelder to the commencement of this suit; but the contention for plaintiffs is that the possession of the minor children and their guardian was not adverse as to them. As tending to show the character of Sedlack's holding, the plaintiffs offered to prove that while he was guardian of the Oregon children, and in possession, he stated that he was holding the property for the children of Jacob Westenfelder in Germany, but the court refused to admit the evidence, and this ruling is assigned as error. The general rule is well settled that the declarations of one in possession of real property, characterizing his possession, are admissible in evidence against him, and those claiming under him, where title is asserted by adverse possession: 1 Rice, Evidence, § 423. But this action is not against Sedlack or any one claiming under him. He was not in possession of the property claiming any right in himself, but in a representative capacity and under his appointment as guardian, and therefore his possession was in legal contemplation the possession of his wards. A tenant in possession cannot by his admissions injure the title of his landlord (*Hurley* v. *Lockett*, 72 Tex. 261, 12 S. W. Rep. 212), nor can a guardian the title of his wards. Having accepted the trust and en-

tered into possession of the property to carry out its provisions, he could not dispute the title of his wards or assert that he is holding the property in any other capacity so long as that relationship existed, nor could he change the character of his holding by any admissions or declarations he might make. Under the facts the law determined for whom he was holding the property, and any statement he might have made to the contrary could not alter these facts nor justify any different determination. The law fixed his relation to the property, and no declaration of his could affect the possession taken and held by him under his appointment. In legal effect, as against his wards, such declarations would amount to nothing. To suffer a guardian by his admission or declaration to defeat or affect the title of his wards would, it seems to us, open the door for the grossest fraud and injustice.

It is also contended that the entry and possession of the Oregon children as heirs of Westenfelder was not hostile to the true heirs. We take the law to be settled that the entry into possession of lands by one heir or tenant in common is the entry and possession of all. The one who enters is considered as doing so for himself, as regards his own right, and as trustee for the others: *Hart* v. *Gregg*, 10 Watts, 185; *Watson* v. *Gregg*, *idem*, 289; Busw. Lim. § 235. This is on the theory that there is a privity of estate between the other owners and the one in possession, but in this case there is no privity of estate between the plaintiffs and the Oregon children, but on the contrary their interests are antagonistic and adverse. If the plaintiff's theory is true, the Oregon children were not heirs at all, but strangers to the title, and entered into the possession as mere trespassers, in a mistaken belief of their heirship, and hence there is no room in this case for the application of the rule invoked by plaintiffs. If the Oregon children were in fact heirs, then their entry was in their own right; if, on the other hand, they were not

heirs, then their entry was the same as that of any other stranger who might enter under a claim of title. Sedlack was not appointed guardian for all the heirs of Jacob Westenfelder, but of the Oregon children by name, and his entry was their entry, and his possession was their possession, made and held under a claim of right, and adverse to all the world, and although they may have had no title or color of title at the time of their entry, it was made under a claim of right and would ripen into a title by adverse possession. It seems to us, therefore, that the other questions suggested become wholly immaterial, and that the judgment must be AFFIRMED.