[No. 2178, 2179. Aug. 28, 1918.]
RUEB v. REHDER et al.
FORD v. SAME.

SYLLABUS BY THE COURT.

1.    Assignments of error considered, and held sufficiently specific.    P. 539

2.    The records and minutes of a private corporation are admissible to prove its acts; but they are not the only mode of proof. They are prima facie admissible, but may be rebutted by parol. Hence, where the minutes of a voluntary association are silent as to the question of the former trial of a member for the same offense for which he was expelled, as shown by said minutes, it is competent for such member to introduce parol evidence to establish the fact that he had been theretofore tried and acquitted of such alleged offense against the by-law of the association, and also to show that he was expelled without evidence being heard.
    P. 540

3.    If a member of a society is once acquitted on a trial upon charges preferred against him, he cannot be tried again for the same offense, unless the by-laws of the association specifically authorize a second trial therefor.    P. 544

4.    If, under the by-laws, rules, and regulations of an association, it has no power or jurisdiction to try a member and expel him for a given offense, or if its action is without jurisdiction, or without notice or authority, it does not change the legal status of the member, and the member so

unlawfully expelled is not required to appeal within the order, but may resort to the courts for relief.   P. 543

5.   The constitution and by-laws of a voluntary association constitute the contract between the member and the association, and govern and limit the rights and liabilities of the member and the association.   So long as such an association is acting under such rules and regulations, and in accordance therewith, the member must likewise act, as he is required to do under the contract.   When, however, the association departs from the letter and spirit of the contract, and does an act which it is not authorized to do under the contract, a member injured by such action is not required to conform to the rules in order to secure relief from such unauthorized action.   P. 545

6.   When a member has been once tried and acquitted of charges preferred against him in a voluntary association, and the right to expel him from such association exists only upon conviction, the fact that he was in fact guilty of violating a rule of the association is no defense to an action by him to secure his reinstatement, where he was subsequently retried and found guilty; such second trial being without jurisdiction.   P. 547

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Actions by John Rueb and by T. J. Ford against Harry J. Rehder and others.   The cases were consolidated, complaints dismissed, and plaintiffs appeal.   Reversed and remanded.

ALBERT G. SIMMS and JOHN F. SIMMS, of Albuquerque, for appellant.

What transpired at former trial of member in association may be proved by parol.   McKelvey on Evid., 344; Jones on Evid. (pocket ed.), Par. 203.

Member does not have to appeal from void expulsion. Mulroy v. Supreme Lodge of Knights, etc., 28 Mo. App. 463; Pickering v. Palmer, 138 Pac. 198.

Expulsion after trial at which no evidence is introduced is void. 44 N. E. 84; 44 N. E. 91.

Appellant should have been permitted to show that appeal was unavailing under circumstances. 5 C. J. 1359; Fritz v. Knaub, 57 N. Y. Misc. R. 405; Schrempp v. Grang L. A. O., 70 Mo. App. 456; Robinson v. Dahm, 159 N. Y. S. 1053; Loubat v. LeRoy, 40 Hun. 549.

A. B. McMILLEN, of Albuquerque, for appellees.

Appellant's assignments of errors are insufficient. McRae et al. v. Cassan, 15 N. M. 496; Farmers' Development Co. v. Rayado Land & Irr. Co., 18 N. M. 1; Melini v. Griego, 15 N. M. 455; Territory v. Clark, 13 N. M. 59; Candelario v. Miera, 13 N. M. 360; Maxwell v. Tufts, 8 N. M. 396; Cevada v. Miera, 10 N. M. 62.

Appellant was bound to exhaust his remedies within order before coming into a court of equity for relief. Anacosta Tribe v. Murbach, 71 Am. Dec. 625; Bacon on Benefit Soc. 208; Levy v. Order of Iron Hall, 38 Atl. 18; Mead v. Sterling, 27 A. 591, 23 L. R. A. 227; Schmidt v. Abraham Lincoln Lodge, 2 S. W. 156; Hall v. Knights of Honor, 24 Fed. 450; Karcher v. Supreme Lodge, 137 Mass. 368; State v. Smith, 33 Atl. 850; Bauer v. Sampson Lodge, 1 N. E. 571; Independent Order v. Schmidt, 57 Md. 98; Society v. Vandyke, 2 Whart. 309; Karcher v. Supreme Lodge, 137 Mass. 368; Chamberlain v. Lincoln, 129 Mass. 70; La Fond v. Deems, 81 N. Y. 507; White v. Brownell, 2 Daly, 329; Harrington v. Workingmen's Benevolent Soc., 70 Ga. 340; Loubat v. Leroy, 15 Abb. N. C. 1; Bacon on Benefit Societies, Sec. 94, 400A, 442, 450, 450A; Peyre v. Mutual Relief Society, etc., 27 Pac. 191; Supreme Council v. Forsinger, 25 N. E. 129; Robinson v. Irish, etc., Society, 67 Cal. 135; VanPook v. Netherland Society, 63 Mich. 378; Anacosta Tribe v. Murback, 13 Md. 91; Sperry's Appeal, 116 Pa. State 391, 9 Atl. 478; McAlees v. Supreme Sitting, etc.,

13 Atl. 755; Toram v. Howard, etc., 4 Pa. St. 519; Osceola Tribe v. Schmidt, 57 Md. 98; Levy v. Order, etc., 38 Atl. 18; Oliver v. Hopkins, 114 Mass. 175, also 10 N. E. 776; Jeane v. Grand Lodge, 86 Me. 434, 30 Atl. 70; Wood v. Lodge, etc., 38 Atl. 895; Ocean Castle v. Smith, 33 Atl. 849; Whitty v. McCarthy, 30 Atl. 129; Green v. Board of Trade, 174 Ill. 585, 51 N. E. 599, 49 L. R. A. 365; Ryan v. Cudahy, 41 N. E. 760; Kumle 'v. Grand Lodge, 42 Pac. 634.

Minutes of meeting are best evidence as to what transpired at that meeting. Hawkshaw v. Supreme Lodge, etc., 29 Fed. 770; 2 Cook on Corps. (5th Ed.) 714; Goodwin v. Nichols, 85 N. W. 501; Harrison v. Morton, 35 Atl. 101; 3 Enc. of Ev., 657, 650; Home v. Shaffer, 63 Ill. 243; Harrison v. Morton, 83 Md. 456, 35 Atl. 99; Smith v. Natchez S. S. Co., 1 How. 479; Edgerly v. Emerson, 23 N. H. 555, 55 Am. Dec. 207; Mengis v. Fifth Ave. R. Co., 63 N. Y. Supp. 999; Bowick v. Miller, 21 Or. 25, 26 Pac. 861; Dennis v. Joslen Mfg. Co., 19 R. I. 666, 36 Atl. 129, 61 Am. St. Rep. 805; Dial v. Valley Mut. L. Ass'n, 29 S. C. 560, 8 S. E. 27; Rose et al. v. Independent Chevra Kadisho, 64 Atl. 402; Union Gold Min. Co. v. Rocky Mt. Nat. Bank, 2 Colo. 565; Banks v. Darden, 18 Ga. 318.

## OPINION OF THE COURT.

ROBERTS, J. This is a consolidated case, made up of two cases which were brought and tried in the district court of Bernalillo county upon the same questions of law and fact. The pleadings, evidence, and final judgment in each case are exactly alike. The purpose of each suit was to enjoin the defendants, who were all the members and the officers of the Rio Puerco Division No. 446, of the Brotherhood of Locomotive Engineers, from refusing to recognize the plaintiff in each case as a member of the said association, and from denying them the rights and privileges of membership therein, and to annul an order made by the defendants expelling plaintiffs from such rights and membership.

The ground upon which relief was sought was that the order of expulsion was null and void, of no force and effect, and illegal, in that plaintiffs were once tried and acquitted of the charge upon which they had been expelled, and that under the constitution, rules, and regulations of the order the association was without power or authority thereunder to try plaintiffs the second time for the same offense; further, that at the second trial, which resulted in plaintiffs' expulsion, no evidence was heard, and plaintiffs were given no opportunity to combat such charges by the introduction of evidence. It was further alleged: That, by reason of membership in the division in question, plaintiffs were entitled to and did carry policies of life and accident insurance in the Locomotive Engineers' Mutual Life & Accident Insurance Company, a corporation organized for the purpose of affording the members of the association, of which plaintiffs had been members, and other similar organizations, opportunity to obtain life and accident insurance in said corporation at terms and rates favorable to members of the association. That plaintiffs had carried policies therein for some years, which were in full force and effect, but which would be subject to cancellation and would be cancelled, unless plaintiffs were restored to membership in the local association. A copy of the policy carried in each case was attached as an exhibit to the complaint. Further that the association owned certain property, consisting of insignia, paraphernalia, and personal property, in which the plaintiffs had an interest as members. That plaintiffs' membership in said association, by virtue of the insurance carried by them, was a property right of value, which would be lost without the intervention of the court. The complaint, after setting forth in detail the acts and grievances complained of, alleged that they had exhausted all their remedies within the order.

The answer denied that plaintiffs had been tried twice for the same offense; alleged that they were guilty of a violation of the statutes and rules of the order, the pen-

alty for the specific act, which was set up in the answer, being expulsion from the order, upon a finding of guilt by the local organization; denied that the local association owned any·property, except a Bible and a gavel; alleged that plaintiffs had not exhausted their remedies within the order; and asked that the complaint be dismissed.

The court, after hearing evidence on behalf of the appellants, upon motion of counsel for the appellees, dismissed the complaints, upon the ground that appellants had a remedy within the order, and that they could not appeal to the courts for redress until they had exhausted such remedies. From the judgment, this appeal is prosecuted.

[1] At the outset, appellants are met by the contention of appellees that their assignments of error are not sufficient to warrant a review of the proceedings of the district court. Ten separate assignments of error are stated in the assignment filed by appellants. It would unduly lengthen the opinion to set them out. Some of the assignments are not as specific as they should have been, but there are good assignments, which sufficiently present the questions we will consider. The eighth assignment reads as follows:

"That the court erred in refusing to permit the plaintiff to prove that at the second trial of August 4, 1916, the plaintiff pleaded not guilty to the charge of having violated section 35 of the standing rules, and that no testimony was introduced against him, and no evidence was before the division at said meeting, and that the plaintiff was expelled by the defendants at the said meeting upon the ground that they were obliged to expel the ·plaintiff or lose the charter of the division, and that they [defendants] knew in fact that the Grand Chief had ordered them to expel the plaintiff, and they [defendants] would either have to do so or lose the charter of the division, and that there was no testimony of any kind before the said meeting at the trial of these plaintiffs and up to the time of their expulsion, and there was no evidence produced against plaintiff at said second trial."

The fifth assignment reads as follows:

"That the court erred in ruling that the plaintiff has a right of appeal within the order from the second trial and expulsion from the order."

Clearly the eighth assignment was sufficiently specific, and pointed directly to the error sought to be reviewed. The error assigned by the fifth paragraph was the turning point in the case, and we think was sufficient to present the question as to the propriety of the court's ruling.

Appellees cite and rely upon the following cases: Mogollon v. Stout, 14 N. M. 245, 91 Pac. 724; Friday v. Railway Co., 16 N. M. 434, 120 Pac. 316; Schofield v. Territory, 9 N. M. 526; 534, 56 Pac. 306; Pearce v. Strickler, 9 N. M. 467, 54 Pac. 748; Farmers' Development Co. v. Rayado, 18 N. M. 1, 133 Pac. 104. An examination of the cases, however, will show the assignments therein involved fall far short of being as specific as the ones quoted. While holding the two assignments stated to be sufficient, we do not desire to be understood as holding that all the others are insufficient. Some of them are equally good, but the two stated are in fact sufficient to present the decisive questions in the case.

[2] Passing, now, to a consideration of the case on its merits. The first question logically requiring consideration is whether or not the court was in error in not permitting appellants to introduce evidence to show that they had been theretofore tried and acquitted by the lodge of the charges upon which they were expelled, and also for the purpose of showing that the order of expulsion was voted without evidence against the appellants, or without appellants having an opportunity to introduce evidence to combat the charges. In order to understand the question properly, it is perhaps advisable to briefly state the facts which appellants desire to prove, the offer of which was refused by the court. Section 35 of the standing rules of the association in question reads as follows:

"Any member who, by verbal or written communication to railroad officials or others, interferes with a grievance

that is in the hands of a committee, or at any other time makes any suggestion to any official that may cause discord in any division, shall be expelled as per sections 49 and 54 of statutes, when proven guilty:    Provided, however, this law shall not apply to a brother in official position, when called upon to express an opinion in his official capacity."

The statutes of the order provide for the filing of charges against a member and investigation by an investigating committee and, if any evidence is found against the accused, he is to be furnished with a copy of the charges and notified when to appear for trial, at which trial the committee is required to produce the evidence against him, and the evidence in his defense is required to be heard, after which a vote of the members present is required to be taken by ballot as to the guilt or innocence of the accused, and a majority vote is required to declare him guilty.

Appellants attempted to show that they had been accused of violating section 35 of the standing rules; that they had been tried as required by the statutes of the order, and that they had been adjudged not guilty; that thereafter, upon orders from the Grand Chief Engineer, new charges for the same identical offense had been filed against them; that they had been notified to appear for trial; that they appeared and protested against being tried the second time for the same offense; that no evidence was offered at the second trial; that a ballot was taken, and they were adjudged guilty, which resulted in their expulsion from the order.    The minutes of the association, which were received in evidence, were silent as to whether appellants had been theretofore tried for the same offense.    Said minutes recited that evidence had been taken.    The court refused to permit proof of the facts to be given, holding that the minutes of the association were the best evidence as to what transpired at that meeting.    It is true that the entry of an order of suspension or expulsion on the minutes of a society is prima facie evidence of its legality; but parol evidence is admissible for the purpose of showing that such min-

utes did not speak the truth, where it is sought to bind a member by such record, and also for the purpose of showing facts not recorded.

"The records and minutes of a private corporation are admissible to prove its acts, but they are not the only mode of proof. They are prima facie admissible, but may be rebutted by parol." Niblack, Benefit Societies and Accident Insurance (2d Ed.) § 46; Knights v. Wickser, 72 Tex. 257, 12 S. W. 175.

Here we are not concerned with the question as to the amount of proof required to contradict the minutes, but with the question as to whether such evidence is admissible. Clearly the court should have permitted appellants to have introduced the evidence in question.

The main question in this case, however, is as to whether the court rightly held that appellants had not exhausted their remedies within the order by appeal, hence were not entitled to the aid of a court of equity to compel their reinstatement as members of the association. The by-laws prohibit a resort to the courts until after the exhaustion by a member of his remedies within the order. In fact it is provided that, if a member resorts to courts for the settlement of a grievance before exhausting his remedies within the order, he shall be expelled. Section 87 of the statutes of the order reads as follows:

"Should any member feel that any injustice has been done him by any decision of his division, he may appeal to the Grand Chief Engineer, making a written statement of his case, and file copy of same with the division, except cases of seniority, rights to runs, or distribution of territory, which belongs to the chairman and general committee of adjustment, and upon receiving such statement the Grand Chief Engineer shall procure a written statement from the division, and after fully considering each, and the facts and evidence, as well as the law, render his decision, such decision to be final, and is to be complied with unless reversed by the action of the next G. I. D. Convention.

"A member making an appeal to the Grand Chief Engineer under this provision must file the same within 60 days after the action taken by the division of which he is a member."

Rueb v. Rehder, 24 N. M. 534.

Under this a member aggrieved by a decision of the division with which he · is affiliated is required to first appeal to the Grand Chief Engineer, and from his decision has a right of appeal to the Grand International Division Convention.

Appellants argue that the appeal would have been without avail, because the Grand Chief Engineer, to whom they were required first to appeal, prejudged their acts and had ordered the division to expel them; that the Grand International Division Convention would not meet for more than two years, and that in the meantime their insurance policies would have been forfeited; that in such a case the fact that the constitution and by-laws provide that a member may appeal to these tribunals within the association, and that he shall not be entitled to bring any civil action or legal proceedings until he shall have exhausted all the remedies by such appeals provided within the order, does not debar him from remedy or relief in the courts of the state, because the obstacles to the prosecution of such an appeal amount to almost a denial of justice, and if prosecuted no relief could have resulted therefrom; that under the rules and regulations of the insurance fraternity appellants' insurance would have become forfeited before the meeting of the Grand International Division Convention, and that the Grand Chief Engineer had already prejudged the acts on their merits. There are many well-considered cases which sustain this contention. Matter of Brown v. Supreme Court of the Order of Foresters, 66 App. Div. 259, 72 N. Y. Supp. 806, and 176 N. Y. 132, 68 N. E. 145; Fritz v. Knaub, 57 Misc. Rep. 405, 103 N. Y. Supp. 1003; Corregan v. Hay, 94 App. Div. 71, 87 N. Y. Supp. 956. And see Bacon, Life and Accident Insurance (4th Ed.) §§ 624, 625.

[4] This question, however, we are not required to decide, because there is ample justification for a resort to the courts without appeal in this case upon another ground. This point was urged upon the lower court, and is likewise urged here, and, briefly stated, is as fol-

lows: That a member of an association, such as the Brotherhood of Locomotive Engineers, is only required to apply for relief by appeal where the action of which he complains was regularly taken by the tribunal having original jurisdiction. In other words, where the original tribunal acts without jurisdiction, that is, without authority under the by-laws or rules, its order is null and void, and from such an order the complaining party is not required to appeal, but may seek redress in the civil courts.

[3] It is claimed here that under the by-laws of the association in question a member cannot be tried a second time for the same offense; also that he cannot be found guilty of an offense and expelled from the order without a trial; that if he were tried a second time for the same offense of which he had been previously acquitted, and on the second trial was found guilty and expelled, that the order of expulsion was null and void, in that the association had not the jurisdiction and authority to try him the second time for the same offense; also that the order was made without jurisdiction, in that appellants were not allowed to introduce evidence to combat the charges. If a member of a society is once acquitted on a trial upon charges preferred against him he cannot be tried again for the same offense, unless the by-laws of the association specifically authorize a second trial therefor. In Bacon on Life and Accident Insurance (4th Ed.) § 130, the author says:

"If a member of a society is once acquitted on a trial upon charges preferred against him, as, for example, by the failure of a resolution or motion for expulsion to pass, by reason of its not receiving the majority of votes required by the charter or by-laws, he cannot be tried again for the same offense. A subsequent passage of the same resolution or motion, by the requisite majority of votes is a nullity."

The same rule is announced in Niblack, Benefit Societies and Accident Insurance, § 45. This proposition is so consonant with natural justice that it would seem

Rueb v. Rehder, 24 N. M. 534.

to be indisputable. While it is true the by-laws of the association in question are silent upon the question as to whether a member can be tried the second time for the same offense, they do provide for a trial and a vote of the order upon the question of guilt or innocence of the accused. We think that, before a member can be tried the second time for the same offense, the by-laws of the association of which he is a member should explicitly and clearly made such a provision; otherwise, such a construction should not be given to them. If this were not so, a member of such an association could be constantly harassed by repeated trials until, becoming weary of the ceaseless vexations, he would either withdraw from the order or permit a vote of expulsion without protest. Again, suppose, for example, that upon the first 'trial a member should be convicted, if the by-laws authorize any number of subsequent retrials upon the same offense, the member might procure the preferment of new charges, and secure a new trial, and a vote of acquittal. We do not think that the by-laws can be reasonably construed as authorizing a second trial upon the same charges. This being true, it necessarily follows that the lodge had no jurisdiction or authority to try appellants the second time for the same offense, and the question logically follows as to whether or not a member is required to appeal from a void order of expulsion before resorting to the courts for relief.

[5] While there is some conflict among the authorities upon this question, we believe that the weight of authority is to the effect that if the action of the lodge is without jurisdiction, or without notice or authority, it does not change the legal rights or status of any one; that the obligation to appeal within the order is not imposed when the judgment is void for want of jurisdiction. Bacon on Life and Accident Insurance (4th Ed.) § 133; Hall v. Supreme Lodge (D. C.) 24 Fed. 450; Mulroy v. Supreme Lodge, 28 Mo. App. 463; Hoeffner v. Grand Lodge, 41 Mo. App. 359; Malmsted v. Minn. Aerie No. 34, 111 Minn. 119, 126 N. W. 486, 137 Am.

St. Rep. 542; St. Louis & So. Ry. Co. of Texas v. Thompson, 102 Tex. 89, 113 S. W. 144, 19 Ann. Cas. 1250; Supreme Lodge, K. of P., v. Eskholme, 59 N. J. Law, 255, 35 Atl. 1055, 55 Am. St. Rep. 609; Schon v. Sotoyone Tribe, etc., 140 Cal. 254, 73 Pac. 996; Neto v. Conselho Amor Da Sociedade, 18 Cal. App. 234, 122 Pac. 973; Kohler v. Klein, 39 Misc. Rep. 353, 79 N. Y. Supp. 866; People ex rel. v. M. M. P. Union, 118 N. Y. 101, 23 N. E. 129; Glardon v. Supreme Lodge, K. of P., 50 Mo. App. 45; People v. Order of Foresters, 162 Ill. 78, 44 N. E. 401. In the latter case the court said:

"But the weight of authority seems to be in favor of the position that the obligation to take the appeal allowed by the laws of the society does not exist when the judgment is void for want of jurisdiction. A judgment of expulsion made by the lower tribunal, when it has no jurisdiction for want of notice to the member expelled, or for want of authority to entertain the charge brought against him, is regarded as null and void, like a judgment rendered by a court having no jurisdiction over the person or the subject-matter; and, in case of the rendition of such void judgment, the member affected by it is not bound to take steps to have it reversed in the highehr tribunals of the society. Niblack on Ben. Soc. and Acc. Ins. (2d Ed.) § 47; 1 Bacon on Ben. Soc. and Life Ins. § 107. We think that, where the association is not acting within the scope of its powers, so far as to have jurisdiction over the member charged with an offense and over the offense with which he is charged, then the expelled member is not under obligations to seek the remedy by appeal afforded by the laws of the society. In other words, the proceeding for expulsion must be in accordance with the constitution and by-laws of the society, to the extent that the member expelled shall have notice, and shall be tried upon a charge within the jurisdiction of the tribunal trying him. Pitcher v. Board of Trade, supra [121 Ill. 412, 13 N. E. 187]."

The constitution and by-laws of such an association constitute the contract between the member and the association, and govern and limit the rights and liabilities of the member and the association. So long as such an association is acting under such rules and regulations, and in accordance therewith, the member must likewise act, as he is required to do, under such a contract or rules and regulations. When, however, the association

departs from the letter and spirit of the contract, and does an act which it is not authorized to do under the contract, it would be without reason to say that the member was required to conform to the rules in order to secure relief from such unauthorized action. The contract, which is the constitution, rules, and regulations, operates alike on both the association and the member. He agrees that it shall have the right, for certain infractions of its rules, to expel him from membership, in a certain prescribed manner; that, if it votes to expel him in that manner, he will not resort to the courts for relief until after he has exhausted his remedies in the order; that he will first appeal to the Grand Chief Engineer, and from his decision, if adverse, to the Grand International Division Convention. ● But he has not contracted that he will appeal from some decision rendered by the association, where he did not contract that it should have the power or authority to render such a decision.

[**6**] Under the by-laws in question in these cases, appellants contracted that they would abide by the rules and regulations; that for an alleged violation of the same they would submit to a trial by the local organization with which they were affiliated; that, if convicted thereof, they would appeal within the order to the designated tribunals. They did not agree that they should be subjected to a second trial for an alleged offense, where once tried and acquitted, nor that they could be expelled without evidence being produced in support of the charges, or an opportunity to introduce evidence to controvert charges that might be brought against them, and that, if they were tried in a manner not authorized by the rules and regulations, they would appeal to the tribunals within the order. The case of Screwmen's Benefit Assoc. v. Benson, 76 Tex. 552, 13 S. W. 379, holds that the exhaustion of the remedies within the order is a conidtion precedent to relief by mandamus, even though the expulsion was contrary to law and void. We are not inclined to follow this decision, as we are unable to understand why the member of such an asso-

ciation would not have the right to the remedy by mandamus to secure his reinstatement. The case of Matter of Brown v. Foresters, supra, was a suit in mandamus, and the propriety of the action was sustained.

Appellees argue that appellant had no severable interest in the property belonging to the association, but we fail to see the application of this argument. Concededly, if the only interest affected by their expulsion was their joint ownership of the Bible and gavel, the courts would not interfere. But the property rights of appellants were affected by their expulsion. The insurance policies, which they had carried for years, were subject to cancellation, and would be cancelled, unless they were reinstated to membership. This property right justified the assumption of jurisdiction by the civil courts.

Appellees further claim that appellants are barred in this case by the equitable maxim, "He that hath committed iniquity shall not have equity;" that it appears from the undisputed facts in the case that appellants committed an act contrary to the constitution, statutes, and standing rules of said association, for which the penalty provided is expulsion from said association. We fail to see how this equitable maxim applies in this case. It may be, as asserted, that they did violate a rule of the association, and that they had been found guilty of so doing, and had been expelled without notice; that a court would not reinstate them, if they admitted their guilt. But here the question as to whether they had violated the rule in question had been submitted for determination to the tribunal established by the statutes of the association for that purpose, and this tribunal, after a trial, in the manner provided by the statutes, determined that appellants were not guilty. It is neither alleged nor claimed that appellants practiced any fraud or deception in the first trial, or were guilty of any inequitable conduct in regard to the same. This being true, and the matter having been determined by the tribunal established for that purpose, in accordance with

the rules of the association, we fail to see the applicability of the rule stated.

When the local association, the tribunal established and agreed upon for the determination of the question, said that appellants were not guilty, after a trial had in the manner prescribed, the question of their guilt or innocence was settled. Having been adjudged not guilty, the appellants were, after such adjudication, entitled to enjoy the benefits of their contract and to protection against its breach by appellees. The contract provided how a member might be expelled and his rights under the contract terminated. His rights were not cut off by a violation of the by-laws, but by an adjudication by the constituted tribunal that he had violated the same. The adjudication was that they (appellants) had not violated the by-laws in question; hence no right of expulsion existed under the by-laws.

It is possible that injunction was not a proper remedy, on other grounds (Bacon, Life and Accident Insurance, § 613, and Biblack, Benefit Soc. and Acc. Ins. § 54), but as no point is made in this regard, it will not be considered.

For the reasons stated, the cause will be reversed, and remanded to the district court, with instructions to proceed in accordance with the views herein expressed; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.

