## Lucien I. Yeomans, Appellant, v. Union League Club of Chicago et al., Appellees.

### Gen. No. 26,803.

1. ASSOCIATIONS—*right of member to expulsion by other board than that hearing evidence.* A member of an association who is expelled cannot object that the board of managers which expelled him did not hear the evidence against him, where every opportunity was given him to present his defense at two meetings of the board, to which he made no objection, and where a transcript of such evidence was written and was available to the board which succeeded the board which actually heard the evidence, the suc-

Yeomans v. Union League Club of Chicago, 225 Ill. App. 234.

ceeding board being composed of members, a portion of which were on the prior board.

2.  ASSOCIATIONS—*when vote of board to expel member cannot be said to be acquittal.* A member of an association cannot contend that a vote of eight to four of a board of managers consisting of fifteen members, which vote was in favor of expulsion, was in fact an acquittal, there not being a two-thirds vote, when the facts showed that such vote was preliminary, to give the member an opportunity to resign, and that when the member refused to resign, the board voted ten to two in favor of expulsion.

3.  ASSOCIATIONS—*when expelled member cannot claim grant of rehearing as reinstatement.* A member of an association who has been expelled cannot contend that a majority vote of the board granting him a rehearing amounted to a rescission of prior acts expelling him, when his petition to the court expressly seeks reinstatement.

4.  ASSOCIATIONS—*legality of proceedings for expulsion of member.* The law does not require technical accuracy to be observed in a trial of a member for expulsion from a voluntary association, and the matter of procedure will not be reviewed by the court.

5.  ASSOCIATIONS—*grant of rehearing not reinstatement of expelled member.* The action of a board of managers of an association in voting to give an expelled member a rehearing cannot be interpreted as a rescission of a previous vote to expel, when the evidence shows clearly that there was no intention on the part of the board to reinstate the member.

6.  ASSOCIATIONS—*when board expelling member is not required to make specific finding of facts.* A board of managers which expels a member of an association because of misconduct is not required to make a specific finding, when it is apparent from the evidence that the member was intoxicated in the clubhouse and attempted to kiss a female employee, and when the board acted in good faith.

7.  ASSOCIATIONS—*judicial review of disciplinary regulation.* Courts will not interfere with the disciplinary powers of a voluntary association in the absence of fraud or injustice so gross as to amount to fraud, and an expelled member cannot object that a by-law authorizing the board of managers to expel because of misconduct is void, when it is not pointed out whereby the by-law conflicts with any law, or is against public policy, it appearing that the board of managers acted in good faith in voting to expel.

8.  ASSOCIATIONS—*right to expel member for misconduct to employee.* A member of an association who is expelled for misconduct, it appearing that such member while intoxicated attempted to kiss a female employee, cannot object that the act of expulsion is improper in that the offense was committed against an employee

of the club, and not against the club, as such association was justified in requiring that its members observe proper decorum while in the clubhouse.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Affirmed. Opinion filed May 17, 1922. *Certiorari* denied by Supreme Court (making opinion final).

MONTGOMERY, HART & SMITH, for appellant.

TENNEY, HARDING & SHERMAN and ALDEN, LATHAM & YOUNG, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Lucien I. Yeomans filed his petition in the superior court of Cook county against the Union League Club of Chicago and certain of its officials, to compel them to reinstate him as a member of that club. The defendants' demurrer to the petition was sustained and the petition dismissed, to reverse which the petitioner prosecutes this appeal.

So far as it is necessary to state the facts alleged in the petition, they are: That petitioner was a member of the Union League Club of Chicago from November 24, 1910, until June 24, 1919, when he was expelled from the club by the board of managers; that on January 24, 1919, he was requested to resign by the board of managers because they were informed that he had attempted, while intoxicated, to kiss a female elevator operator, an employee of the club, that he denied the charge, refused to resign and demanded an investigation; that such investigation was held by the board of managers on March 18 and 19, 1919, at which nine members of the board were present; that at the conclusion of the hearing a majority of those present voted that petitioner was guilty of misconduct in the clubhouse on the night of January 4, 1919, and ought to be expelled from the club; that section 9, art. 2 of the by-laws provided that;

"Any member guilty of any misconduct, and especially any member whose conduct shall be hostile to the objects or injurious to the character, of this club, or who shall violate its by-laws or established rules, may be suspended or expelled from the club by a two-thirds vote of the board of managers. No member shall be condemned without an opportunity to be heard in his defense. The board of managers shall be the sole judge of what constitutes misconduct." It was further alleged that the board of managers consisted of fifteen members, and that since under the by-law quoted a two-thirds vote of the board was necessary to expel, and since there were only nine members present at the hearing, the matter was referred to the incoming board of managers, which was to be elected within a week, for their consideration and appropriate action; that afterwards a new board was elected, and on June 20, 1919, the president of the club wrote to the petitioner advising him that he was cited to appear before the board of managers on June 23, 1919, to show cause "why the findings of the board of managers, resulting from the hearings of March 18 and 19, 1919, should not be concurred in by the present board, predicated upon the record of said hearing then made"; that in response to this letter he appeared before the board of managers, twelve of whom were present, and made a statement denying that he had been guilty of the acts with which he had been charged; that there was no evidence introduced at that time; that after he had made his statement to the board of managers he was requested to withdraw from the meeting, which he did, and that he was informed and believes that the board of managers then took a ballot on the question of his guilt or innocence, the result of which was that eight voted that he was guilty and four that he was not, and that thereupon it became the duty of the president of the club, who was *ex officio* the presiding officer of the board of managers, to announce that since less than

ten members of the board of managers had voted to expel the petitioner, the recommendation of the former board had not been concurred in, and amounted to an acquittal; that thereupon a vote was taken requesting petitioner to resign from the club and this was communicated by the president to the petitioner, and that he declined to resign; that thereupon the president conveyed this information to the board of managers, and a motion was then made and carried by a vote of ten to two finding that petitioner was guilty of the misconduct charged and that he be expelled from the club. The petition further alleged that not more than five of the twelve members present at that meeting, June 23, 1919, were members of the old board which had heard the matter on March 18 and 19, 1919, and that although a transcript of the evidence heard at the March meeting was made available for use of each member of the board, not more than one of the twelve members had, prior to the taking of the ballot for expulsion, read the transcript of the evidence introduced on the former hearing; that the board of managers at neither the meeting in March nor at the meeting in June, 1919, found the petitioner guilty of any act which constituted ground for expulsion, and that the provision of the by-laws above quoted making the board of managers the sole judges of what constituted misconduct was illegal and void.

The petition further alleged that on June 24, 1919, he was notified by the secretary of the club that he had been expelled, and that he has since been denied all rights and privileges as a member of the club; that immediately after receiving such notification he excepted to the action of the board of managers, and requested that the vote which expelled him be expunged from the record; that this demand was referred by the board of managers to a committee of three members of the board for the purpose of receiving any additional information or evidence that the petitioner desired to

submit; that afterwards at divers times the petitioner appeared before the committee in person and by counsel and introduced evidence in support of his demand for reinstatement; that on January 16, 1920, his counsel submitted to the committee a written brief and argument in his behalf; that this committee made a recommendation to the board of managers at a special meeting held on March 20, 1920, at which time the board of managers adopted a resolution referring the matter to the incoming board of managers, which was then about to be elected, with a recommendation that a rehearing be allowed; that afterwards on March 22, 1920, a new board of managers was elected, and on April 12, following, the new board held a meeting at which meeting petitioner alleges, on information and belief, a majority of those present voted in favor of granting him a rehearing; that the presiding officer of the board of managers at that time ruled that it required a two-thirds vote of the board to reinstate petitioner and since the required vote was not obtained no further attention would be given the matter, of which action the petitioner was on May 1, 1920, notified.

The petitioner first contends that he was wrongfully expelled on June 23, 1919, because no evidence was introduced before the board of managers which expelled him on that date. In support of this it is argued that before he could be legally expelled at that time the evidence upon which the action of the board was taken should be heard by the board voting on the question of exclusion, and the cases of *Cheney v. Ketcham,* 7 Ohio Dec. 183, and *Rueb v. Rehder,* 24 N. M. 534, 174 Pac 992, are cited. In the *Cheney* case it appeared that Cheney was put on trial by the Toledo Club charged with an offense for which he had been tried by another society, at which trial certain members of the Toledo Club were present and heard the evidence; that afterwards the matter was brought before the Toledo Club and Cheney was denied an opportunity to present his

side of the case; that the expulsion by the Toledo Club was based on the evidence taken before the other society. The court held that he was wrongfully expelled since he was denied the right to be heard by the Toledo Club. In the *Rueb* case the defendant was tried for an offense and acquitted. There was a second trial as a result of which he was expelled. The court held that in these circumstances his expulsion was wrongful. We think neither of these cases is in point. In the instant case there is no complaint that petitioner was not given every opportunity to present his defense both at the March and the June meetings of the board of managers, nor did he make any objection to the manner in which either of the hearings was held. It appears from the record that evidence was heard at the March meeting and a transcript of it written up and was available for the members of the board of managers which voted to expel petitioner at the June meeting; that five of the members who voted for his expulsion at the June meeting had heard the evidence at the prior hearing and that another member of the board read the transcript of the evidence before action was taken at the June meeting. It further appears that at that time the petitioner appeared before the board and made a statement of his case. In these circumstances we think it cannot be said that the board of managers did not have authority to pass on his case on June 23, 1919.

The petitioner further contends that his expulsion was wrongful for the reason that at the June, 1919, meeting the first vote to expel him was eight to four, and since there was not a two-thirds vote against him the action of the board amounted to an acquittal, and, therefore, the further action of the board taken at that meeting shortly thereafter whereby he was voted out of the club by a vote of ten to two was wrong; that he having been theretofore acquitted, he could not be tried a second time for the same offense. This is a misapprehension of the facts, for it is apparent that

at the conclusion of the hearing in June the petitioner was requested to step out of the room and that an informal vote was then taken which resulted in a vote of eight to four against him; that thereupon the board requested the president to step out and inform the petitioner what had been done and request that he resign; that this information was conveyed to the petitioner and that he refused to resign. Thereupon the president returned to the room and informed the board that petitioner refused to resign, and then a formal vote of expulsion was taken. It is apparent that some members of the board wanted to give the petitioner an opportunity to resign rather than to be expelled, but since he did not avail himself of this opportunity they voted to expel him. We think in these circumstances that it cannot be held that the first vote at the June meeting amounted to an acquittal.

Counsel further contends that in the absence of a by-law requiring a two-thirds vote in such case to grant a rehearing, a majority vote is all that is required, and since a majority of the board of managers in March, and later in April, by a majority vote granted him a rehearing, that this amounted to a rescission of the vote of expulsion, and in effect reinstated the petitioner as a member of the club. We think this is contrary to the theory on which the petition is framed, because it expressly seeks to have the petitioner reinstated as a member, but in any event we think it clear that neither board of managers in taking the vote had any intention of reinstating the petitioner as a member by voting for the rehearing. The law does not require technical accuracy to be observed in a trial of a member for expulsion from a voluntary association. Such matters of procedure will not be reviewed by a court. Upon an examination of the entire record we are clear that it was not the intention of the board of managers, by any vote taken, to reinstate the petitioner as a member of the club.

The petitioner finally argues that the by-law which provides that the board of managers shall be the sole judges of what constitutes misconduct on the part of a member to warrant his expulsion is void. In support of this the argument seems to be that the board of managers at the March meeting found that the petitioner had been guilty of misconduct and should be expelled, and at the June meeting a second board of managers required the petitioner to show cause why that finding should not be concurred in; that there was no specific finding of any misconduct on the part of the petitioner, but that the only finding was that he was guilty of misconduct. We think the board was not required to make any specific finding, for it is apparent that the petitioner was found guilty of being intoxicated in the clubhouse and while in that condition he attempted to kiss a female operator employed by the club. It is not pointed out where the by-law in question conflicts with any law or that it is against public policy. In these circumstances, of course, courts will not interfere with the disciplinary powers of a voluntary association in the absence of fraud or injustice so gross as to amount to fraud. *Board of Trade v. Nelson*, 162 Ill. 431; *Commonwealth v. Union League*, 135 Pa. St. 301; *DeYturbide v. Metropolitan Club*, 11 App. Cas. (D. C.) 180. Petitioner makes no contention that the board acted fraudulently or arbitrarily, but the whole theory of the case is that they acted in good faith, and we think this is borne out by the record. In these circumstances we think the board was not required to make any specific findings of acts of misconduct against the petitioner. Nor do we think there is any merit in the point that the offense, if one was committed by the petitioner, was against an employee of the club and not against the club. We see nothing unreasonable in the act of the board of managers in voting to expel the petitioner if they found him guilty of the charges laid against him. Certainly

a club such as the Union League, consisting of gentlemen who are associated for patriotic and social purposes, is justified in requiring that its members observe proper decorum while in the clubhouse. The absence of such requirement would most certainly tend to promote disorder and the club would fail to attain the objects of the association.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

THOMSON and TAYLOR, JJ., concur.