## International Organization Master, Mates and Pilots of America v. International Organization, etc., Inc. (No. 2)

*Freedman, Landy & Lorry*, for plaintiffs.

*Wilderman & Markowitz*, for defendants.

FLOOD, J., January 10, 1956.—The preliminary injunction entered by Judge Bok on September 17, 1955, must be dissolved: 11 D. & C. 2d 75.

At the hearing before him Judge Bok found that there was adequate justification for the appointment of a trustee, but that the procedure under which he had been appointed was improper under the international's constitution. The injunction was entered only because of this procedural defect. At a meeting held on November 2, 1955, the trustee was again appointed by the president with the confirming vote of eight members of the executive committee. This time the procedure was in accordance with the international's

constitution and the basis for Judge Bok's decree no longer exists.

Plaintiffs argue that this second appointment amounts to their conviction of wrongdoing upon a second trial after they have already been acquitted, and so is a violation of due process. The argument is based upon the dubious proposition that a vote of four to three in favor of sustaining the president's recommendation for the appointment of a trustee was an acquittal of the charges upon which the recommendation was based, since a majority of the whole number of the board did not vote to sustain it.

We do not understand that plaintiffs rely on the constitutional provision specifically precluding a second trial of one acquitted of a crime, for they were not accused of crime, but upon lack of due process. The due process clauses, however, apply only to governmental agencies. This is the basis of cases like Commonwealth v. Guardians of the Poor, 6 S. & R. 468 (1821). Plaintiffs' rights, if any, are contract rights stemming from the union's constitution. We agree with plaintiffs that where the constitution is ambiguous or silent the rules of natural justice should be applied. See Rueb v. Rehder, 24 N. M. 534, 174 Pac. 992 (1918). But the principles of natural justice do not require that one who has committed an act which is punishable under the constitution, or gives ground for ouster, as was found here by the court, is forever shielded because of defective procedure. The question as to whether a majority of those voting was sufficient to confirm the president's vote was a difficult question of interpretation on which lawyers, as well as laymen, might well differ. Those not voting may well have thought that the majority vote of the number voting was sufficient and therefore they might have abstained only to avoid an unpleasant action.

Judge Bok, who has examined plaintiffs' briefs on the matter, and the writer agree that plaintiffs escaped condemnation, if they wish to equate the board's action to a condemnation, by a procedural defect, rather than on a judgment on the merits of the controversy. Since the action of the board on November 2, 1955, was warranted on the merits of the controversy, and since no more than a small minority of the board ever held otherwise, nothing in the constitution or the principles of natural justice invalidates the action of November 2nd.

The facts here cannot be compared with a situation where the board had earlier voted for acquittal (Cf. Rueb v. Rehder, supra), or where no notice of the second hearing was given: Cf. Commonwealth v. Guardians of the Poor, supra.

The preliminary injunction is dissolved.