THE MACCABEES v. SABINE. (No. 2682.)*

(Court of Civil Appeals of Texas. Texarkana. March 8, 1923. Rehearing Denied March 22, 1923.)

1. Insurance ⬅⬆694(2)—Burden of proof held on one attacking trustees' order expelling member for lack of jurisdiction.

In a trial of a member of a fraternal insurance corporation by the board of trustees, resulting in his expulsion, for violating the by-laws, the board exercised judicial functions, and the order of expulsion was a form of judgment entitled to some sanctity as evidence in an attack upon its validity, and the one assailing it for lack of jurisdiction had the burden of proof.

2. Insurance ⬅⬆694(2)—Member could waive irregularity of filing of complaint against him in proceedings to expel.

A member of a fraternal insurance organization could waive any irregularity in the filing of a complaint against him in a proceeding to expel him for violation of by-laws.

3. Insurance ⬅⬆694(2)—Appearance at trial of member sought to be expelled waived objection of insufficient notice.

If a member of a fraternal insurance organization against whom expulsion proceedings had been instituted did not have 20 days' notice of the time and place of trial, as provided in the by-laws, his appearance without objection waived any such defect.

4. Insurance ⬅⬆694(2)—Objection that trial of expelled member was held at distant place held not tenable where expulsion was not resisted on that ground.

In action for fraternal insurance, defended on the ground that the deceased member had been expelled, the objection to the expulsion order that the place selected for the trial of deceased was unreasonable, in that it was 1,000 miles away from his home, was not tenable where he appeared at the trial without complaint of the place selected, and did not resist

expulsion on the ground that he had been deprived of opportunity to present a full defense.

Levy, J., dissenting.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by Maude L. Sabine against The Maccabees. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Street & Coston, of Waco, for appellant. King, Mahaffey & Wheeler, of Texarkana, for appellee.

HODGES, J. In October, 1911, the Knights of Modern Maccabees, a fraternal insurance organization incorporated under the laws of Michigan, issued to John G. Sabine a certificate of insurance for the sum of $2,000, payable upon his death to his wife. Sabine was a member of the local organization, known as Interstate Tent No. 1, Texarkana, Tex. In 1914 there was a consolidation of the Knights of Modern Maccabees, with the Knights of Maccabees of the World, another fraternal insurance association organized under the laws of Michigan, and doing business in Texas. In the consolidation agreement it was stipulated that the name of the association should be "the Knights of Maccabees of the World." The consolidated association was to be governed by, and the members thereof subject in all respects to, the laws of the "Knights of the Maccabees of the World" then in force, or that might thereafter, from time to time, be adopted. The organized tents of the Knights of Modern Maccabees outside of the state of Michigan were to constitute an integral part of the Knights of Maccabees of the World in the jurisdiction in which they were severally located, and were privileged, as far as was consistent with good business management to retain their present names, members, and organization. Many other stipulations follow which it is not necessary to mention. The concluding paragraph of the agreement is as follows:

"In consideration of all the foregoing the Knights of Maccabees of the World shall assume all the outstanding benefit certificate obligations of the party of the second part (Knights of Modern Maccabees), subject to a compliance with its laws now in force or that may be hereafter adopted, and shall be entitled to receive all assets of said Knights of Modern Maccabees. The date when such consolidation shall take effect to be agreed upon between the governing committee or board of the Knights of Maccabees of the World and said great camp."

The agreement referred to appears to have been consummated in a manner which is not questioned. Some time later, during the same year, the corporate name of the Knights of Maccabees of the World was changed to "The Maccabees." Sabine remained a mem-

ber in good standing of the Maccabees, paying his monthly dues through the usual channels to the proper authorities, till in August, 1917, when he was expelled upon the ground that he had become intemperate in the use of intoxicating liquors. He died on the 4th day of January following, without ever having been reinstated. In August, 1919, his widow and beneficiary filed suit for the collection of the insurance, naming the Knights of Modern Maccabees as the defendant. Citation was issued and served upon the Commissioner of Insurance as provided by law, and the copy by him sent to the attorney for The Maccabees, the appellant in this suit. A correspondence followed between the attorney of The Maccabees and the attorneys for the plaintiff, in which the latter was advised of the error in filing the suit against the old order, instead of against The Maccabees. An agreement resulted, in which the present appellant was to answer without any further citation in the event the plaintiff amended her petition so as to conform to the true facts. In June, 1922, an amended original petition was filed upon which the case was tried. Only two defenses were pleaded, limitation and expulsion from the order.

The court submitted the following special issues:

(1) "Was the oath to the complaint against J. G. Sabine upon which he was tried and expelled made by a member of the association in good standing?"

To this the jury answered "No."

(2) "Was the act of the board of trustees in fixing Detroit, Mich., as the place of trial unreasonable and arbitrary under all the facts and circumstances?"

To this the jury answered "Yes."

(3) "Was the notice of the hearing of the charges against John G. Sabine served upon him at least twenty days prior to the date of the hearing?"

To this the jury answered "No."

Upon those answers judgment was entered in favor of the plaintiff below for the full amount sued for.

The fact of expulsion is not denied; it is only the regularity of the expulsion that is contested. The following are the by-laws of The Maccabees that were offered in evidence:

"Sec. 375. *Limitations on Actions.*—No action at law or in equity shall be brought or maintained on any claim arising out of any life benefit certificate or membership in the association, unless such action is brought within fifteen calendar months from the death of the member to whom such certificate was issued, nor shall such right of action accrue until the expiration of ninety days after all proofs called for shall have been received by the association."

"Sec. 440. *Expulsion.*—The board of trustees shall have power to expel from the association any member:

"(1) Who has obtained his membership or reinstatement by failure to answer fully and truthfully the questions propounded in his application or medical examination for membership or reinstatement.

"(2) Who shall become addicted to the intemperate use of intoxicating liquors.

"(3) Who shall become addicted to the use of drugs or narcotics.

"(4) Who shall form habits which may injure his health or endanger his life."

### Discipline and Procedure.

### Chapter 1.

"Sec. 445. *Complaint, How Made.*—Complaint charging any member with a violation of the laws of the association which is cognizable by the board of trustees, shall be made under oath and in writing by some member of the association in good standing. Such complaint shall be filed with the supreme record keeper and shall be presented by him to the board of trustees at its next meeting.

"Sec. 446. *Hearing and Notice.*—The time and place for the hearing of such charges shall be fixed by the board of trustees, and notice of such action shall be served on the member against whom such complaint has been made, together with a copy of the complaint. At least twenty days must intervene between the date of the notice and the date of the hearing. At least ten days' notice of the time and place of hearing such complaint shall be given to the member preferring the same.

"Sec. 447. *Trial.*—At the time and place fixed for the hearing, the member or tent making such complaint and the member accused may appear in person or by attorney and produce oral or written evidence. The board of trustees shall hear and consider the testimony offered to sustain or refute such charges, and shall take such other and further proceedings as to it shall seem just.

"Sec. 448. *Decision of the Board of Trustees Final.*—The decision of the Board of Trustees on such complaint shall be final."

It was further provided that no benefit could be paid on account of the death or disability of a member who had been expelled from the association. Certified copies of the records show that charges were preferred against John G. Sabine by David V. Gleason, of Tent No. 82, Michigan, in which Sabine was charged with having acquired habits injurious to health, and requesting that Sabine be placed on trial, and, if found guilty, that his membership in the association should be canceled. Sabine was notified of those charges, and took steps to present his defense. He employed attorneys, and at their request further time was granted in which to procure testimony. He secured affidavits from seven witnesses, and transmitted them to the board of trustees. Thereafter the board met upon the day fixed, and entered the following order:

"In the Matter of Charges Preferred against John G. Sabine, Interstate Tent No. 1, Texarkana, Texas.

"This being the day fixed for the further hearing of this matter, the testimony taken before a notary public at Texarkana, and the affidavits submitted by E. C. Bryan, Robert

Taylor, J. M. Lindsey, E. B. Cox, T. J. Watlington, W. M. Dunn and Dr. F. M. Lennard, as to matters alleged in the complaint filed in this case, were duly read and considered, and, it appearing to the satisfaction of the board that the charges are well founded, and that the said John G. Sabine is addicted to the intemperate use of intoxicating liquors to such an extent to seriously endanger his life, therefore, on motion, it was,

"Resolved, that the membership of the said John G. Sabine be ordered canceled and the supreme record keeper was directed to give notice accordingly, and to advise the record keeper of Interstate Tent No. 1 to receive no further dues or monthly rates on account of his membership."

Appellee testified that thereafter she regularly tendered to the local tent at Texarkana the monthly dues which her husband had theretofore been paying, but they were refused. There is no evidence that Sabine ever prosecuted any appeal or made any attempt to reinstate himself in the order.

The findings of the jury indicate the three grounds upon which the validity of the expulsion is here attacked: The invalidity of the complaint; the failure to give the accused legal notice; and the unreasonableness of the act of the trustees in selecting Detroit as the place of trial.

The only evidence bearing upon the validity of the complaint is to be found in the recitals of the complaint itself. It purports to be signed and sworn to by David V. Gleason, a member of Tent No. 82, of Detroit, Mich. Upon its face it is regular, and there is nothing in the record showing the contrary. The finding of the jury is defended upon the ground that it devolved on the appellant, in making out its defense of expulsion, to prove that a complaint had been made by a member of the order in good standing, and that appellant had failed to make that proof.

The evidence relating to the trial and expulsion was all in writing, and is uncontradicted. The following is the substance:

The complaint of Gleason was sworn to on May 8, 1917. The board of trustees fixed the date of the trial for June 28, and the place at 1021 Woodward Avenue, Detroit, Mich. Sabine was notified. He thereafter employed attorneys to prepare and present his defense. At their instance further time was granted and the date of the trial set for August 9. No objection was made to that date, nor was any protest or objection made to the place designated for the hearing. Sabine took the testimony of a number of witnesses which he transmitted by mail to the board for the hearing which followed. The order of expulsion recites the fact that this evidence was duly considered and there is no contention to the contrary.

No complaint was made by Sabine during his life of any unfairness or irregularity, in this trial proceeding; nor did he ever make any effort to have it set aside, by an appeal or otherwise. He apparently accepted the result as a finality. There is not now in the record any claim that Sabine was deprived of any defense, by reason of the time or place of the trial, or that he was not guilty of the charges preferred against him.

[1] In that trial the board of trustees were exercising judicial functions, and the order of expulsion is a form of judgment which is entitled to some sanctity, as evidence, in an attack upon its validity. One who assails it for lack of jurisdiction had the burden of proving that fact. St. L. S. W. Ry. Co. v. Thompson, 102 Tex. 89, 98, 113 S. W. 144, 19 Ann. Cas. 1250; Brown v. Clark, 102 Tex. 323, 116 S. W. 361, 364, 24 L. R. A. (N. S.) 670; Screwmens Ben. Ass'n v. Benson, 76 Tex. 552, 13 S. W. 379; 1 Bacon on Ben. So., § 106; 19 R. C. L. pp. 1234, 1235.

[2, 3] But whatever irregularity there may have been in the filing of the complaint, it was one which Sabine had a right to waive, if he saw fit to do so. 5 Corp. Jur. p. 1356, and cases cited in notes. It is immaterial, even if it be a fact, that Sabine did not have twenty days' notice of the time and place of trial; his appearance without objection was a waiver of any such defect in the proceedings.

[4] We are further of the opinion that it is now too late to raise the question of reasonableness regarding the place selected for the hearing. The fact that Detroit, Mich., is 1,000 miles from Texarkana is not sufficient to support such a finding in the present state of the record. The case might have been different had Sabine not appeared at the trial without complaint of the place thus selected, or had he afterwards resisted expulsion on the ground that he had been deprived of the opportunity to present a full defense. It is not now insisted that the defense would have been different, or that more evidence would have been available, or that a different result would have followed, had the trial been at a more convenient place for the accused.

The appellant requested the court at the conclusion of the evidence to direct a verdict in its favor, and we are of the opinion that it should have been done. The judgment will therefore be reversed, and judgment here rendered in favor of the appellant.

LEVY, J. (dissenting). In the absence, as here, of affirmative evidence that the complaint was made by a member of the association in good standing, a complaint against the insured cannot be legally considered, it is believed, as presented before the board under the terms of the law of the association. It is a jurisdictional requirement of the association's law that the complaint be filed in that special method. It is the rule in this state that ground for the exercise of authority must appear, and it cannot be waived, where tribunals have, as here, limited power, or their powers are limited to certain specified objects. The burden of this affirmative proof was upon the association pleading expulsion.