St. Louis Southwestern Railway Company of Texas v. W. Z. Thompson.

No. 1868. Decided November 11, 1908.

**1.—Conspiracy—Verdict.**

A conspiracy can not be formed by one person. In an action against several persons for procuring, by conspiring together, the wrongful expulsion of plaintiff from a labor organization (the Brotherhood of Locomotive Engineers) a verdict against one defendant only (a railway company) and in favor of all the other defendants will not support a judgment against the one so found liable. The foundation of the action against the company was the conspiracy, and the acquittal of its alleged co-conspirators was an acquittal of the company also. (Pp. 96–98.)

**2.—Same—Rulings Distinguished.**

The case of liability resting on the establishment of conspiracy distinguished from those involving that of joint wrongdoers for acts from which liability may arise independent of the conspiracy. (Pp. 96, 97.)

**3.—Labor Organization—Expulsion—Rules of the Order.**

In an action for procuring by conspiracy the wrongful expulsion of plaintiff from a labor organization by its authorities, their action, if done in good faith, is conclusive as to the sufficiency of the acts charged against plaintiff (the writing of a certain letter) to constitute grounds for his expulsion; that question could not be left to the jury, but only the good faith of such authorities, alleged to be co-conspirators, in holding it to be so. (P. 98.)

**4.—Same—Member Appearing as Witness Against Employer.**

The act of a member of a labor organization in appearing as a witness in court against his employer could not be made ground for his expulsion therefrom; a rule of the order which made it so would not be recognized by the

courts; nor would the rightfulness of his expulsion for such cause in fact, though another reason was made a pretext therefor. (Pp. 98, 99.)

### 5.—Conspiracy—Expulsion from Labor Organization—Damages.

Damages for procuring by conspiracy the wrongful expulsion of plaintiff from a labor organization would include compensation for suffering and humiliation caused by such expulsion, and for the value of an insurance policy and traveling card forfeited thereby. (P. 99.)

### 6.—Same—Exemplary Damages.

Exemplary damages for procuring by conspiracy the wrongful discharge of plaintiff from a labor organization would be recoverable only against the conspirator or conspirators found to have been actuated by malice, and, unlike actual damages, could be assessed against any or against one only of the defendants suffering recovery. (P. 99.)

### 7.—Same—Evidence.

Exemplary damages being claimed for causing plaintiff's expulsion from a labor organization, evidence that he had a house of his own and a wife and children was admissible as bearing on the effect of such wrong on his mind and reputation. (Pp. 99, 100.)

### 8.—Labor Organization—Expulsion—Appeal.

In order to maintain an action for damages caused by the wrongful expulsion of plaintiff from a labor organization by conspiracy of defendants, it was not necessary for plaintiff to prosecute his appeal from the decision expelling him to the higher authorities of the order to which such appeal was permitted by its rules; though it may be necessary to exhaust his remedies within the order before he could resort to the courts for relief against his wrongful expulsion. (P. 99.)

### 9.—Evidence.

In determining the question of the wrongfulness of plaintiff's expulsion from a labor organization, evidence of offenses by him against its rule and discipline other than those upon which he was tried and expelled was irrelevant. (P. 100.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Smith County.

Thompson sued the railway company and others for damages. He recovered only against the company, which appealed, and on affirmance obtained writ of error.

*E. B. Perkins* and *Marsh & McIlwaine,* for plaintiff in error.

Where a member of a beneficial order or society is charged with the doing of a thing for which the Constitution expressly provides that he may be expelled, and he is given notice of the charges and appears before the order and, without objecting to the form or sufficiency of the charges, goes to trial, and he is given a fair opportunity for a hearing upon the merits, and at the trial there is evidence introduced reasonably tending to show that the charges are true, a judgment expelling him from the order or society is binding upon him, and same can not be collaterally assailed in the civil courts. Screwmen's Ben. Ass'n. v. Benson, 76 Texas, 552; Grand Lodge, Order Sons of Hermann, v. Schuetze, 36 Texas Civ. App., 539; 3 Amer. and Eng. Enc. Law, 1075, Note 1; 2 Freeman on Judgments, sec. 531; Commonwealth v. Union League, 135 Pa. St., 301; Black and White Smith's Society v. VanDyke, 2 Whart., 309; Riggins v. Waco, 15 Texas Ct. Rep., 758; Society, etc. v. Commonwealth, 51 Pa. St., 125, 91 Am. Dec., 139; Board of Trade

v. Nelson, 162 Ill., 431, 52 Am. St. Rep., 312; Connelly v. Masonic, etc., Ass'n, 58 Conn., 552, 18 Am. St. Rep., 296; Anacosta Tribe v. Murbach, 13 Md., 91, 71 Am. Dec., 625; Canfield v. Great Camp, 87 Mich., 626.

The court erred in that part of its main charge wherein the jury were instructed as follows: "In determining whether or not the action of the members of Tyler Division, No. 201, Brotherhood of Locomotive Engineers, in expelling plaintiff was wrongful and illegal, you are instructed that the defendant members of Tyler Division, No. 201, Brotherhood of Locomotive Engineers, had no right to try or expel plaintiff under the second sub-division of the charge upon which he was tried, viz.: 'For going on the witness stand in the Bolton case and testifying against the Cotton Belt Railway to the injury of a brother, and causing the Brotherhood at large to lose prestige with the Cotton Belt Railway.'"

Where the constitution or by-laws of a beneficial order or society provide a remedy by appeal whereby a member may have his expulsion reviewed by a tribunal within the order or society, he will not be permitted, until he has exhausted the remedies so provided, to resort to the civil courts to have his expulsion reviewed and declared illegal. Burton v. St. George's Society, 28 Mich., 261; Johnson v. N. Y. Produce Exchange, 149 N. Y., 401; Sperry's Appeal, 116 Pa., 391; Levy v. Magnolia Lodge, 110 Cal., 297; People v. Order of Forresters, 162 Ill., 78; Screwmen's Beneficial Ass'n v. Benson, 76 Texas, 552; 3 Am. & Eng. Enc. of Law, p. 1076, and authorities cited in note; Mead v. Stirling, 62 Conn., 586; 59 Am. St. Rep., 193, and authorities cited by Judge Freeman in his note to the case, p. 204; 49 L. R. A. 379, authorities cited in note.

The charge of the court should be applicable to the case as made by the evidence, and should be so framed as to distinctly separate the questions of law from the questions of fact; and the question as to whether appellee was legally or illegally expelled being one of law, it was error for the court to submit the question to the jury as one of fact. Sayles' Texas Civ. Stats., art. 1316; 11 Enc. Pleading and Practice, 73, and authorities cited in notes.

It was error for the trial court to leave it to the jury to determine, as a question of fact, whether or not appellee's conduct in signing the letter might be reasonably held to be unbecoming conduct, and as to whether or not the members of the Brotherhood so considered it in expelling appellee. Screwmen's Ass'n. v. Benson, 76 Texas, 552; Choate v. Railway, 91 Texas, 410.

Though a member may be wrongfully expelled from a beneficial order, he can not recover damages, other than nominal, for his wrongful expulsion; and, for this reason, the special charge requested by appellant to this effect should have been given. Peyre v. Mutual Relief Society, 27 Pac. Rep., 191; Lavalle v. Society, 24 Atl. Rep., 467.

It appearing from appellee's petition and from the evidence that the wrong or tort of which plaintiff complained could only be actionable when committed in furtherance of an unlawful conspiracy

of two or more, and the jury, by their verdict, having found that the other defendants, alleged co-conspirators with appellant, were guilty of no wrong in expelling plaintiff, no valid judgment could be rendered on the verdict finding appellant only liable for the wrongful expulsion. Collins v. Cronin, 11 Atl. Rep., 869; Rundell v. Kalbfus, 17 Atl. Rep., 238.

*John M. Duncan* and *H. E. Lassiter,* for defendant in error.— The general charge of the court authorized the return of a verdict against either or all of the defendants. No exception was reserved either in the motion for new trial or in the assignments of error to this feature of the charge, nor was any special charge asked by the plaintiff in error on the point involved in the assignment of error upon which the writ was granted herein, and plaintiff thereby waived the error, if any, and acquiesced in the action of the court in submitting to the jury a charge which authorized them to return a verdict against either of the defendants. Sayles' Civ. Pr., "Arrest of Judgment;" Dennison v. League, 16 Texas, 400; Phelps v. Brackett, 24 Texas, 236-7; Hayes v. Stone, 36 Texas, 181; State v. Vahl, 20 Texas, 779; Mathews v. Mathews, 41 Texas, 333; Moore v. Cross, 87 Texas, 560; Wooters v. Railway Co., 54 Texas, 298; Perez v. Everett, 73 Texas, 431; Thompson v. Kimbrough, 23 Texas Civ. App., 350; Halsell v. Belcher, 6 Texas Civ. App., 322; Texas & Pacific Ry. Co. v. McCoy, 3 Texas Civ. App., 278; Mier v. State, 2 Texas Civ. App., 296; Byrne v. Linn, 18 Texas Civ. App., 252; Mahon v. Randle, 66 Texas, 282; De Caussey v. Bailey, 57 Texas, 665; Rosenthal v. Middlebrook, 63 Texas, 338; Maverick v. Maury, 79 Texas, 435; East Line, etc., v. Rushing, 69 Texas, 316; Mississippi, etc., Ry. Co. v. Farris, 23 Texas Civ. App., 219; Railway v. Crowder, 70 Texas, 224; Galveston Ry. Co. v. Smith, 24 Texas Civ. App., 129; Hocker v. Day, 80 Texas, 532; Missouri, etc., Ry. v. Connelly, 14 Texas Civ. App., 531; Missouri, etc., Ry. v. Cardena, 22 Texas Civ. App., 302; Western Union, etc., v. Linn, 23 S. W., 898; Gulf, W. T. & P. Ry. v. Staton, 49 S. W., 277; Greenwood v. Houston Ice, etc., Co., 27 Texas Civ. App., 590; Missouri, K. & T. Ry. v. Crowder, 55 S. W., 380; Hawkins v. Cramer, 63 Texas, 102. And a multitude of cases sustaining the proposition cited in Green's Digest, Vol. 5, Title "Trial," 182 et seq., page 10,867.

As a motion in arrest of judgment is properly tried by the law applied to the record and not on evidence received, and goes to the sufficiency of the petition in stating a cause of action, and as the rule is that a judgment will be arrested only when there are no pleadings to support it, or that the pleadings are so defective that the trial court would hold it bad on general demurrer, the question as to whether the verdict of the jury and judgment thereon against a single defendant, the St. Louis Southwestern Railway Company of Texas, should be allowed to stand in this case is not properly raised by a motion in arrest of judgment, and should not therefore be considered by this court. Even should this be treated as an action on the case in the nature of conspiracy, such action has super-

seded the ancient writ of conspiracy, and although several are sued, judgment may properly go against one, notwithstanding others may be acquitted; the foundation of the action being the damage and not the conspiracy, the averment of conspiracy being merely surplusage, and only added as a matter of inducement and in aggravation of damages. 8 Cyc. Law & Proc., 645, 647; 1 Kincaid on Torts, sec. 45, and cases cited in note No. 19; 6 Am. & Eng. Enc. of Law, 872; Cooley, Elements of Torts, 36, 42; Seale v. Baker, 70 Texas, 283; Giddings v. Baker, 80 Texas, 312; Brown v. Freehold, etc., Co., 97 Texas, 599; Parker v. Huntington, 2 Gray (Mass.), 124; Hunt v. Simonds, 19 Mo., 583, and cases cited; Bouker v. Puryear, 27 Neb., 346; Van Horn v. Van Horn, 56 N. J. L., 318; Buffalo Lub. Oil Co. v. Standard Oil Co., 42 Hun., 153; City Nat. Bank v. Nat. Park Bank, 32 Hun., 105; Forseyth v. Edminston, 11 How. Pr., 408; Hutchins v. Hutchins, 7 Hill, 104; Gaffney v. Calvill, 6 Hill, 567; Jones v. Baker, 7 Cow., 444; Laverty v. Vandersdale, 65 Pa. St., 507; Porter v. Mack, 50 W. Va., 581; Burndell v. Kalbfuss, 125 Pa. St., 123; Herron v. Hughs, 25 Cal., 555; Skinner v. Gunton, 1 Saund., 228; Pollard v. Evans, 2 Showers, 51; Betz v. Dailey, 3 N. Y., 309; Kimball v. Harriman, 34 Md., 407, 6 Am. Rep., 340; Illinois, etc., Co. v. Faulks, 191 Ill., 69; Doremus v. Hennessy, 62 Ill. App., 391; Davis v. Taylor, 41 Ill., 405; Robertson v. Park, 76 Md., 118; 8 Iowa, 75; 16 Neb., 306; 40 Ohio St., 112; 39 Ind., 376; 46 Minn., 49; Stainbrook v. Duncan, 45 Ill. App., 344; 11 Enc. Pl. and Pr., 853; Tucker v. Hyatt, 151 Ind., 337; Albright v. McTighe, 49 Fed., 817.

In all actions in this State for tort, whether committed through conspiracy or otherwise, the gist and gravamen of the action is the damage inflicted, and the plaintiff may sue either or all concerned in bringing about the damage, whether through conspiracy or not, and whether or not conspiracy be alleged; the jury are at liberty, without regard to the state of the proof as to conspiracy, to return a verdict against either or all of the defendants, though the proof may establish the conspiracy of all; this upon the familiar doctrine that in actions founded on tort plaintiff may sue either or all of those concerned in its infliction, and may recover against either upon the principle that each is responsible for the acts of all and all are responsible for the acts of each, and that no contribution may be had among wrongdoers. See cases above cited, and 15 Enc. Pl. and Pr., 558; Cooley on Torts, 145; Gulf, Colorado & Santa Fe Ry. Co. v. James, 73 Texas, 12; Delz v. Winfree, 80 Texas, 400; Wolfe v. Perryman, 82 Texas, 112; Texas & P. Ry. Co. v. Huber, 16 Texas Ct. Rep., 154; Boston v. Simmons, 6 L. R. A., 629, and notes; Jones v. Crimmett, 4 W. Va., 104; Verplanck v. Van Buren, 76 N. Y., 259; Brown v. Land Mortgage Co., 97 Texas, 609; Coffin v. Varilla, 8 Texas Civ. App., 419; Newell on Mal. Pros., 367-380; Zeazel v. Alexander, 58 Ill., 261.

It is actionable for one to induce or instigate another by fraud, misrepresentations, deceit, conspiracy or otherwise to breach a contract with a third person, and where the petition alleges, as in this case, that the expulsion was brought about by the instigation,

inducement and coercion of the railway company, a recovery may be had against the company without regard to the question of conspiracy. Raymond v. Yarrington, 96 Texas, 443; Thatcher Coal Co. v. Burke (W. Va.), 8 Am. & Eng. Ann. Cases, 885; Angle v. Chicago, 75 U. S., 13; Heath v. American Book Company, 97 Fed., 533; South Wales, etc., v. Glamorgan, 2 Am. & Eng. Ann. Cases, 436.

Plaintiff's petition alleging a joint and several tort, and praying for a joint and several recovery, and there being no such thing as contribution among wrongdoers, it was competent for the jury to return a verdict against the railroad company alone for the damages sustained. Raymond v. Yarrington, 96 Texas, 443; Wolf v. Perryman, 82 Texas, 112; Coffin v. Varilla, 8 Texas Civ. App., 417; Railway v. Hurless, 1 App. Civ. cases; Giddings v. Baker, 80 Texas, 308; Bank v. Colgin, 21 Texas Civ. App., 487.

If one induce, persuade or coerce another to do an unlawful act to the injury of a third person and both are sued, the jury may assess all the damages against the originator, and in so doing they do not, in view of the rule, necessarily find that the other defendant did not unlawfully participate.

The allegations of the petition being that appellee was, in bad faith, wrongfully and maliciously expelled from the Brotherhood, and that the publication in the Brotherhood Journal that he was expelled for unbecoming conduct was wrongful and malicious, the judgment or order expelling him was not final under proof tending to show the truth of such allegations, and the question as to whether such acts were in bad faith, wrongful or malicious was one for the jury. Thompson v. Brotherhood, 14 Texas Ct. Rep., 467; Bacon on Ben. Soc., sec. 442 and cases cited; Screwmen v. Benson, 76 Texas, 552; State v. Lipa, 28 Ohio St., 665; Commonwealth v. W. L., 8 L. R. A., 195, and note; Lamphere v. Grand Lodge, 47 Mich., 429; Washington, etc., v. Bacher, 20 Pa., 425; Ludowiskie v. Polish, etc., 29 Mo. App., 337; Lahiff v. St. Joseph, etc., 65 L. R. A., 92, and cases cited in opinion; Burt v. G. L., 66 Mich., 85; Cotton Jammers, etc., v. Taylor, 23 Texas Civ. App., 367.

MR. JUSTICE BROWN delivered the opinion of the court.

Thompson instituted this suit in the District Court of Smith County against the St. Louis & Southwestern Railway Company of Texas, The Grand International Brotherhood of Locomotive Engineers, J. J. Bartholomew, W. H. McCorkle, G. L. McCardell, M. M. Bartholomew and R. J. McCool, to recover of them damages occasioned to the plaintiff by wrongfully and maliciously causing him to be expelled from the said order of the Brotherhood of Locomotive Engineers. Omitting the detail of facts, we will make this brief statement which will be sufficient for the purposes of this opinion. There was a division of the order of the Brotherhood of Locomotive Engineers at Tyler, No. 201, and the plaintiff, Thompson, and the different individual defendants were each and all members of that division. The petition charged that the railway company, acting by Green, a general officer of that corporation, J. J. Bartholomew, W. H.

McCorkle, G. L. McCardell, M. M. Bartholomew and R. J. McCool entered into a conspiracy and combination whereby they agreed and undertook to secure the expulsion of the plaintiff from the said Brotherhood, and, in pursuance of that confederation and conspiracy and to accomplish that purpose, the said individual defendants made out, deposited and filed with the said division No. 201 of the Brotherhood of Locomotive Engineers at Tyler the following charges against this plaintiff: "Specification of charges. For writing to Mrs. A. H. Penniman and urging her to sue the Cotton Belt Railway for the death of her husband. For going on the witness stand in the Bolton case and testifying against the Cotton Belt Railway Company to the injury of the other brothers and causing the Brotherhood at large to lose prestige with the Cotton Belt Railway Company." It is alleged that the said charges were false and that they were knowingly and maliciously made and presented to the said division. Thereafter the said division No. 201 of the said Brotherhood notified the petitioner and placed him upon trial on the said charges. It is alleged that the prosecution of him in the division was maliciously done by the said defendants and that the members of the said division had no reasonable ground to believe that he was guilty of said charges and did not believe that he was guilty thereof, but that the said proceeding was prosecuted against him for the unlawful purpose of deterring him from appearing when summoned as a witness in cases against the Cotton Belt Railway.

Upon a trial had before the said division the charges were sustained and the petitioner was expelled therefrom. Petitioner appealed from the said decision to P. M. Arthur, Grand Chief Engineer, who, notwithstanding the unjust and false charges made against the plaintiff, sustained the action of said division. And, in pursuance of said expulsion, the plaintiff's name was printed as one who had been expelled from the said order in a journal of the said International Brotherhood and was circulated largely in the United States, Canada and Mexico, greatly to his humiliation and detriment.

The plaintiff in his petition alleged with particularity the different elements of injury that he sustained by reason of the action of the said division procured by the malicious and willful conspiracy and combination of the defendants; among other things he alleged that he held a policy of insurance in the said order for $1,500 upon which he had paid large sums for a number of years which by the rules of the order was forfeited upon his expulsion and as consequence thereof. He also alleged that as a member of said order he was entitled to and had a traveling card which entitled him to ride free upon the trains of the different railroads in the United States, Canada and Mexico, which was also forfeited as a consequence of said expulsion. He alleged mental suffering and humiliation by reason of the unjust and unlawful action of the said defendants.

The case was tried before a jury which, after being out for some time, presented to the court the following question: "Hon.

R. W. ·Simpson, District Judge. Dear Sir: A part of the jury is not clear as to whether they can find for the defendants separately, as well as collectively? Therefore we ask your advice on this point. Very Respt., G. H. Aikins, Foreman." And to which the court replied in writing as follows: "Gentlemen of the Jury: In answer to foregoing question you are charged as follows: If you should find for all the defendants your verdict will be, "We the jury find for the defendants." If you should find in favor of some defendants and against others your verdict should state against which defendants you find, naming them, and in favor of which defendants you find, naming them. R. W. Simpson, Judge Presiding."

The jury returned this verdict: "We, the jury find for plaintiff in this case a verdict for twenty-five hundred dollars ($2,500); five hundred ($500) as actual damages, and two thousand ($2,000) as exemplary damages, against the defendant, The St. Louis Southwestern Railway Company, and for the other defendants. G. H. Aikins, Foreman." The railroad company moved in arrest of judgment because the jury having found by their verdict that the other defendants were not guilty of conspiracy, no judgment could be entered against the railroad company. The same proposition was presented by motion for a rehearing. Both motions were overruled, and, upon appeal to . the Court of Civil Appeals of the First District, that court affirmed the judgment of the trial court.

The railroad company did not and could not actually participate in the act of expelling the defendant in error from the order and can only be held liable for the results of that action by reason of the fact that it had entered into a conspiracy with the individual defendants named to procure some action by the Brotherhood against Thompson. The jury distinctly found for the defendants other than the railroad company, and thereby acquitted all other defendants from having entered into a conspiracy with the railroad company. There is no room for construction of this verdict, for it is expressed in plain language that the railroad company is the only guilty party defendant to the suit. Under the allegations in this case the railroad company could not have accomplished the injury which was done to Thompson by its own action, but necessarily must have acted through other guilty parties. It therefore follows that an acquittal of all other defendants acquitted the railroad company of the charge made against it; a conspiracy can not be formed by one person. (Collins v. Cronin, 117 Pa. St., 35.)

In the case cited a father and son were charged with a conspiracy to defraud creditors of the son. "It was alleged that Cornelius Cronin has confessed fraudulent judgments to his son John for the purpose of hindering, delaying and cheating the creditors of the former; that executions had been issued upon these fraudulent judgments, and his property sold and bought in by the son at much less than its value. This, if true, would have been a fraud upon the plaintiff and other creditors. The jury found that it was not true, under proper instructions from the court. For how could fraudulent judgments spring into existence between a father and son without

collusion, combination and conspiracy? And if the judgments were bona fide, then the son was merely using the legal remedies to collect an honest debt due from his father." In that case as in this it was contended that the conspiracy or combination between the parties was not necessary to make the father liable, but the Supreme Court of Pennsylvania distinguished the case then before them from one cited as authority in the following explicit manner: "Under the facts of that case the combination or conspiracy was nothing. One of the defendants could have traduced the character of the plaintiff as a teacher, as well as a number of them, and if he had done so he was clearly liable in damages for his own act even although the other defendants had no part in it. It is an act capable of being performed by one defendant alone. But in the case in hand the conspiracy was everything. Without it plaintiff had no cause of action, for the plain reason that the acts charged in the declaration were of such a nature that they could not be committed by one defendant alone." This clearly distinguishes the case now under consideration from those cited by attorneys for the defendants in error. The gravamen of the action in this case is the injury done, that is, the wrongful expulsion of defendant in error from the order of the Brotherhood of Engineers. The railroad company could not have effected that act alone, it could only do it, as we have said before, by the action of its codefendants through a conspiracy entered into by and between the railroad company and the other defendants. The verdict of the jury in effect finds as to the other defendants, that the expulsion was not wrongful or was not procured through the combination charged, therefore, the railroad company could not be guilty and all others innocent.

It is insisted with much earnestness by the attorneys of the defendants in error that the jury might have found all the parties guilty and yet inflict the punishment upon one of them. Let us test the correctness of this proposition by writing the verdict so as to express the implied proposition of the defendant's counsel. Suppose the jury had said, "We, the jury, find for the plaintiff against the defendant railroad company, and also against the other defendants, but we assess the damages alone against the railroad company for $2,500." Would the gentlemen contend for such a verdict, or would any court sustain such a discrimination? If it would not sustain it as written out it can not sustain it as necessarily implied in the argument of the attorneys for the defendants in error.

It is insisted that suit might have been brought against the railroad company alone in this case. Grant that to be true (we do not intend to intimate to the contrary) the result would be the same, for in order to recover against the railroad company the same allegations and proof would be necessary to recover against it as are required in this case, i. e., it would be necessary for the plaintiff to prove the conspiracy between the parties, the unlawful action of other defendants in agreeing to carry it out, both as to making the charge and as to the action of the division, and if plaintiff should fail to make such proof he could not recover against

Vol. CII, Supreme—7.

the railroad company. If that company had been sued alone and the case submitted on special issues and the jury had answered that the other defendants did not enter into the conspiracy, or that the expulsion was lawful, no judgment could be entered against the railroad company although the jury should find against it. We conclude therefore that the court erred in giving the charge in answer to the request of the jury, and also erred in overruling the motion in arrest of judgment and the motion for a new trial, for which errors this case must be reversed.

The trial court erred in submitting the issues in this case to the jury by using the following language: "Then if you further find from the testimony that the writing of the Penniman letter could not reasonably be considered a violation of plaintiff's obligation to the laws of the Brotherhood," etc. The court should have decided that question. If the members of the Brotherhood who tried Thompson, acting in good faith and in fairness towards Thompson, believed and held that the writing of the letter to Mrs. Penniman and the circumstances attending it did or did not constitute a violation of the constitution and laws of the order, that finding would be conclusive of the question. Whether or not the members of the order acted fairly and in good faith towards Thompson in placing this construction upon the letter and the circumstances attending it was a question of fact for the jury and was so submitted to them. If the members of division No. 201 of the Brotherhood of Locomotive Engineers in good faith fairly and honestly passed upon the testimony submitted to them and found Thompson guilty of violating his obligation, or the constitution and laws of the order, then their action would be final and conclusive of the matter, and the plaintiff could not recover in this case because of his expulsion from that order, nor for any of the consequences flowing from it, although they may have found him guilty on the second charge also. If, however, the members of that order did not act in good faith and did not exercise their honest judgment in coming to the conclusion that by writing the Penniman letter Thompson was guilty of a violation of his obligation or the constitution and laws of the order, but used it as a pretext by which to expel him on account of the second charge made against him, then their action would be void and Thompson would be entitled to recover.

The second charge, whereby Thompson was arraigned for having gone on the witness stand in the Bolton case and testified, did not furnish any ground for his expulsion from the order. If the Brotherhood of Locomotive Engineers had in their constitution or by-laws provided in so many words that a member who should testify in court in any case where he was called as a witness should be expelled, such provision would be a nullity and would not be enforced in any court. If Thompson was wrongfully expelled through procurement of the Cotton Belt Railroad Company by a conspiracy and combination with other defendants named because he wrote the Penniman letter, or if he was expelled because he had done what was charged against him in the second specification, alone, and not upon the first charge, then he would be entitled to recover against

the railroad company and against such of the other defendants as conspired and acted with it and against the order which expelled him for all damages which naturally flowed from such expulsion.

If the plaintiff shall be found entitled to recover against the defendants his recovery should be for actual damages; that is, that sum of money which would compensate him for the pecuniary losses sustained by him as a result of his unlawful expulsion, and also such sum as would compensate him for the mental suffering and humiliation that was caused to him by reason of said expulsion and by reason of the publication of the same in the journal of the order. In this connection we will say that the value of the insurance policy and traveling card alleged to have been forfeited by the expulsion would be proper elements of actual damages to be assessed in his favor.

If the defendants or either of them were actuated by malice in making the charges against Thompson or in procuring the same to be made and in prosecuting the same before the order, thereby procuring his expulsion, then the plaintiff may in the discretion of the jury recover exemplary damages against either or all of the said defendants, in such sum as the jury may believe should be assessed against the said defendants or either of them. It is not necessary, as in case of actual damages recovered, that all of the defendants should be subjected to the same verdict, because some of the defendants may have acted without malice, but in combination with others, and as to such defendants there would be no right to recover exemplary damages.

It is contended that the plaintiff could not maintain this action because he did not appeal from the decision of P. M. Arthur, Grand Chief Engineer, to the Grand International Division, but this is not a proceeding to restore him to his membership. It is a suit for damages occasioned by his expulsion and one in which his property rights as well as personal rights are involved. We are of opinion that it was not necessary for him to have prosecuted his appeal further than he did before instituting his suit for damages. (Benson v. Screwmen's Ben. Ass'n, 2 Texas Civ. App., 66; Bauer v. Samson Lodge, K. P., 102 Ind., 562.) On application for mandamus to restore plaintiff to membership the court would not take jurisdiction until the applicant had exhausted his remedies under the laws of the Brotherhood. The same reason does not apply in a suit for damages. The right to apply to the courts for redress of such injuries as in this case, exists in favor of all citizens, and could not be abridged by any association except by the consent of the member. The defendants have no ground upon which to stand in demanding that the remedy of appeal should be exhausted before they are called upon to repair the injury they have inflicted upon Thompson. The continuance of his membership in the Brotherhood does not concern the defendants.

It is assigned as error that the court permitted Thompson in testifying to state that at the time of this transaction he had a home of his own and a wife and two children. There was evidence which raised the issue of exemplary as well as actual damages and it

was permissible to prove those facts so as to determine what effect
upon his mind and upon his reputation such a proceeding might
have.    The testimony was admissible from this standpoint.    18
Am. & Eng. Ency. Law, 1096; Cahill v. Murphy, 94 Cal., 29, 66
Cal., 681, 69 Cal., 527; Klumph v. Dunn, 66 Pa. St., 141.    In
the case last cited the court said: "The position in life and the
family of the plaintiff are always important circumstances as bearing
upon the question of damages, and have always been held to be
admissible in evidence for that purpose."

The fact that Thompson testified as an expert when he was not
or that he received pay for his testimony to which he was not en-
titled is irrelevant to any issue presented in this case.    The charges
upon which he was tried do not allege against him either the taking
of improper fees or that he falsely represented himself as an expert,
therefore such evidence would not be admissible to support the finding
and conclusion of the Division No. 201 upon either one of the
charges prosecuted before it.

It is therefore ordered that the judgments of the District Court
and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*