MYRTLE MULLEN, RESPONDENT, v. MARTIN SEEGERS, ANNA KAHRE, LOTTIE TYSON, MAMIE TYSON AND ELLA HANKS, APPELLANTS.*

St. Louis Court of Appeals. Opinion filed May 3, 1927.

1.—**Appellate Practice—After Verdict for Plaintiff—Evidence—Taken as True—Inferences.** After a verdict for plaintiff, the appellate court must accept plaintiff's testimony as true and give to it the benefit of all reasonable inferences.

2.—**Labor Unions—Wrongful Expulsion—Remedies.** While it is true, as a general rule of law which is recognized in all jurisdictions, that courts do not undertake to regulate the internal affairs of voluntary associations where no property rights are involved, and that those seeking the aid of the courts must exhaust their remedies, whether by appeal or otherwise, within the order or union to which they belong, yet, however, there is an exception to this rule and that is, where one is wrongfully expelled from a union, he need not exhaust his remedies within the union before bringing suit for damages against those whose wrongful acts caused the expulsion.

3.—Same—Same—Damages—Evidence—Sufficiency. In an action for damages brought by plaintiff against members of a labor union for injuries and loss sustained as a result of wrongful expulsion, where there was judgment in plaintiff's favor, evidence reviewed and **held** sufficient to sustain the finding of the jury and the judgment of the lower court.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 771, n. 58; p. 773, n. 2; Labor Unions, 24Cyc, p. 827, n. 10; p. 828, n. 18, 27 New.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Wilson A. Taylor, Judge.

AFFIRMED.

*John P. Leahy* for appellants.

(1) The petition of the plaintiff in this cause fails to state a cause of action against the defendants or either of them. Engel v. Walsh, 258 Ill. 98; Burns v. Bricklayers' Benevolent Ass'n, 14 N. Y. Supp. 361; Holborn v. Naughton, 60 Mo. App. 100; Bersch v. Fire Underwriters' Ass'n, 241 S. W. 429; Froelich v. Musicians' Mutual Benefit Ass'n, 93 Mo. App. 383. (2) The plaintiff not having exhausted her remedies in the local union, of which she was a member, to obtain the setting aside or remission of the penalties assessed against her, the court was without jurisdiction to interfere. Burns v. Bricklayers' Benevolent Ass'n, 14 N. Y. Supp. 361; Froelich v. Musicians' Mutual Benefit Ass'n, 93 Mo. App. 383; Lavalle v. Society of St. Jean, 17 L. R. I. 680; Bersch v. Fire Underwriters' Ass'n, 241 S. W. 429. (3) Courts will not regulate the internal affairs of voluntary associations, or pass upon questions affecting their internal affairs, except as necessary to protect property rights therein involved. State ex rel. Buckner v. Landwehr, 261 S. W. 699; Crutcher v. Order of Railroad Conductors, 151 Mo. App. 622; State ex rel. Hyde v. Jackson County Medical Society, 295 Mo. 144; Froelich v. Musicians' Mutual Benefit Ass'n, 93 Mo. App. 383. (4) The petition did not allege a conspiracy on the part of the defendants to procure the plaintiff's expulsion from the union, nor was such conspiracy proved by the evidence, and such averment and proof was necessary before acts and statements of one or more of the defendants could be received and admitted against the others. Darrow v. Briggs, 261 Mo. 244; Gaunce v. Blackborn, 37 Penn., 310. (5) The burden of proving the conspiracy rests upon the plaintiff. Green v. Edmonds, 245 S. W. 378; Walsh v. Walsh, 285 Mo. 181; Jones v. Nichols, 280 Mo. 653; Holborn v. Naughton, 60 Mo. App. 100; Hart v. Hicks, 129 Mo. 99. (6) The question of whether or not a legal strike had been called by the union was immaterial. This was one of the questions the executive

board, as the investigating body of the local union, had the exclusive right to determine. Engel v. Walsh, 258 Ill. 98; Froelich v. Musicians' Mutual Benefit Ass'n, 93 Mo. App. 383; Otto v. Journeymen Tailors' Protective Ass'n, 75 Cal. 318; Cooley on Torts, sec. 210; Chuse v. Cheney, 58 Ill. 509; Missouri Bottlers' Association v. Fennerty, 81 Mo. App. 528. (7) By appearing generally the accused waived all objections as to the regularity of the tribunal and all objections to notice. Bacon on Benevolent Ass'ns, sec. 102; Niblack on Mutual Benefit Societies, sections 68 and 71. (8) An order of expulsion from a voluntary association is not invalid because accused is not given a written notice of the hearing, when he appears under an oral notice, or because the accusation is not reduced into writing when he is fully informed of its nature. Harris v. Aiken, 76 Kans. 516; Austin v. Dutches, 56 App. Div. 393, 67 N. Y. S. 819. (9) The theory of the plaintiff was that a strike had been called in the local union at a factory of the Elder Manufacturing Company different from that in which the plaintiff worked. The plaintiff was erroneously permitted by the court to go outside of the issues and have the case tried upon the question that no strike had been declared by the unions against any of the factories of the Elder Manufacturing Company, which was the exclusive prerogative of the executive board. (10) The plaintiff on her own admission failed to pay or to tender the dues which she owed to the local union as a member thereof or the penalty imposed upon her, or to appeal from the assessment of the said fine and the findings of the executive board and approval of same by the local, and acquiescence in the wrongful expulsion for an unreasonable length of time is considered a waiver of rights. Glardon v. Supreme Lodge Knights of Pythias, 50 Mo. App. 45; Lavin v. Grand Lodge, 104 Mo. App. 1; Konta v. St. Louis Stock Exchange, 187 Mo. 26. (11) The demurrers of the defendants offered at the close of the plaintiff's case and at the close of all the evidence in the case should have been sustained, and it was error on the part of the court to have refused to sustain them. Chuse v. Cheney, 58 Ill. 509; Hoeffner v. Grand Lodge, 41 Mo. App. 364. (12) Instructions must be based upon the issues of the case, and issues cannot be made by the evidence. State ex rel. Nunnelee .v. Horton Land and Lumber Company, 161 Mo. 664. (13) Instructions should be based on the pleadings and the evidence and should be confined to the issues of the case. Sinnamon v. Moore, 161 Mo. App. 168. (14) Instructions should not broaden the issues pleaded. Black v. Street Railway Company, 217 Mo. 672. (15) Instructions should be based on the evidence. State v. Bunyard, 253 Mo. 347. (16) Instructions should not ignore the evidence, issues, theories or defenses. Phelan v. Paving Company, 227 Mo. 666; Perry v. Van Matre, 176 Mo. App. 100.

220 Mo. App.—54.

*Albert E. Hausman* for respondent.

(1)   It is not necessary for a member of the labor union, who has been wrongfully fined and his membership thereby forfeited, and who has suffered damage by reason of being unable to procure employment thereafter, to have applied for reinstatement in the union prior to bringing his action for damages.   St. Louis v. Thompson, 113 S. W. 144; Campbell v. Johnson, 16 Fed. Rep. 102; Martin, Labor Unions, sec. 325; Schneider v. Local Union, 116 La. 270; Connell v. Sealker, 21 N. Y. Misc. 609; Brennan v. Hatters Union, 9 L. R. A. (N. S.) 258; Berry v. Donovan, 188 Mass. 353.   (2)   The fact that no strike was ever called by the union is material because it tends to prove the malice of these defendants in inducing the union to fine the plaintiff and to couple with the fine the order that no dues should be received from her until the fine was paid, when they knew that plaintiff was within her rights in remaining at work until a strike was legally called.   Hall v. Jennings, 87 Mo. App. 627; Cotton Jammers v. Taylor, 56 S. W. 553; Campbell v. Johnson, 167 Fed. Rep. 102. (3)   It is not necessary for the court in this case to attempt to regulate the internal affairs of voluntary associations.   The only question here is whether or not members of an executive board and their adviser can wantonly and maliciously deprive a citizen of his right to work by maliciously and wantonly depriving him of his membership in a labor union.   St. Louis v. Thompson, 113 S. W. 144; Shouten v. Alpine, 77 N. Y. Misc. 19; Clarkson v. Laublon, 202 Mo. App. 682. (4)   There is no question of conspiracy involved in this case.   The defendants acted in concert as a board and its adviser.   (5)   The so-called hearing before the executive board was utterly void because there were no written charges.   The plaintiff in no way waived that point by appearing before the board and asking what was wanted of her.   People ex rel. Deveroux v. Musicians' Mutual Assn., 118 N. Y. 101; State ex rel. v. Mus. Mut. Assn., 54 N. Y. Supr. 273; Fritz v. Knaub, 103 N. Y. Suppl. 1003.   (6)   The plaintiff was prevented from paying dues by the order of the union, which declared that no more dues should be accepted from her until she had paid the fine assessed against her.   (7)   The instructions are in conformity with the pleadings and the issues made.

NIPPER, J.—This is an action for damages brought by plaintiff against the present appellants and others.

The petition alleges that prior to March, 1918, plaintiff was employed as a union garment worker and was a member of Local Union No. 238, a labor union; that the defendant Seegers was known as the general organizer for the United Garment Workers of America;

that Anna Kahre was the business agent of Local No. 238, and the defendants Tyson, Tyson and Hanks were members of the executive board. The petition further states that prior to the 13th day of March, 1918, plaintiff was employed at one of the plants of the Elder Manufacturing Company in the city of St. Louis; that on the 7th day of March, 1918, the defendants announced that Local Union No. 238 had called a strike against a factory of the said manufacturing company, located at a different place from the factory in which plaintiff was employed; that the plaintiff remained at her work for the said Elder Manufacturing Company, and thereupon, the defendants wrongfully, willfully, maliciously and without cause induced and caused said Local Union No. 238 to assess a fine of $25, against plaintiff; that as a result of said fine imposed upon plaintiff, her membership in the union was forfeited and taken from her, and under the rules and customs existing among the members of the union and their employers, the plaintiff was not permitted to work in any union shop in the city of St. Louis. Plaintiff further states that she had not been permitted to work in any union shop and cannot now work in any union shop, because of the unlawful action of these defendants, in causing her membership to be forfeited. She alleges that she has lost $1500, in wages. She also states that the action of defendants was malicious, and inspired by ill will against her; that the defendants caused circulars to be posted in the city of St. Louis, charging her with being a "scab." Plaintiff asked for actual damages in the sum of $1500, and punitive damages in the sum of $5000.

The answer controverted the allegations in the petition, and alleged that plaintiff was fined according to the ordinary and established rules of the union, to which she belonged.

Plaintiff recovered actual damages in the sum of $400, and punitive damages in the sum of $250, against Martin Seegers only. Plaintiff remitted the punitive damages assessed against defendant Seegers, and judgment was entered against the defendants jointly for the sum of $400. From this judgment defendants appealed.

The record is a voluminous one, and the facts, as developed by plaintiff and her witnesses, and the defendants and their witnesses, present two theories as usual. The plaintiff's theory of this case, as developed by her testimony when considered most favorable to her, shows that she and all the defendants except Seegers, were in the month of March, 1918, and for several years prior thereto, members of Local Union No. 238 of the United Garment Workers of America, which was a voluntary association or labor organization, having a constitution and rules regulating the calling of strikes, preferring charges against members, and the trial and investigation of such by the executive boards of the locals, filing reports to the findings and providing for appeals.

Plaintiff was employed during the year 1918 in the shop of the Elder Bros. Manufacturing Company in St. Louis. During the spring of 1918, the union put on a campaign to procure members, and mass meetings were held for that purpose. According to plaintiff's testimony, no strike was called according to the law and usages of the union, but the defendants simply announced that a strike had been called against the Elder Bros. Manufacturing Company. The plaintiff, as well as some of her witnesses, had been present at the meeting of the union, and testified that no·such strike had ever been called. About the time of the announcement that a strike had been called, the plaintiff received a letter, notifying her to appear before the executive board of Local Union No. 238. This letter was not produced but she says it contained no notice as to why she should appear, nor the nature of the business which required her attention. She did not appear in response to the request contained in this letter. Later, she received another letter notifying her to appear before the executive board. This letter also failed to advise her for what purpose she was called. When she appeared before the board she was asked by Mamie Tyson, president of the union, if she knew why she had been called. She answered that she did not. Defendant Mamie Tyson then advised her that she was called because she was working at the Elder Bros. Manufacturing Company plant when there was a legal strike on. Plaintiff replied that there was no strike on that she knew of, but defendant Mamie Tyson told her she should come out. Defendant Anna Kahre, also insisted that plaintiff should quit work at Elders; that she should not only quit work but should solicit the other girls in the plant to strike, and told her further that anybody who worked where there was a strike on was called a "scab." Defendant Martin Seegers, who was an organizer for the union, was present and after the conversations above elated asked plaintiff why she didn't leave the plant. Plaintiff told him that she didn't feel that it was her duty to come out when she was doing "Government work." Seegers again asked her if she was coming out, and when plaintiff advised him that she was not, she testifies that he said with emphasis: "Well, by God, if you do not we will fix you." The meeting then broke up, and plaintiff had no further notice of the proceedings.

A few days later, posters appeared where plaintiff was working, and in the neighborhood of her home, stating that plaintiff was "scabbing." Later, during the month of May following, defendants imposed a fine of $25 on plaintiff and ordered and directed that no further dues should be received from her until the fine was paid. Plaintiff neither paid the fine nor the dues. She later applied for employment at other establishments but was advised that she would have to settle her trouble with the union before she could get employment. Plaintiff then visited the defendant Kahre, and attempted

to arrange some terms for the payment of her fine, so that she could be permitted to go to work. She was advised that she would have to pay the fine in full and be reinstated in the union.

There was some evidence offered on the part of plaintiff to show that some of these defendants had procured the discharge of plaintiff from another establishment where she was working prior to this trouble. Plaintiff having failed to settle her difference with the union brought this action for damages, without any effort to appeal to the higher authorities in the order.

According to the testimony of the defendants, plaintiff was duly notified of the charge against her in accordance with the rules and regulations of the union, a strike was regularly and legally called, the fine was imposed in strict compliance with the by-laws and rules of the union to which plaintiff and the defendants belonged, and there was nothing in the entire proceedings to entitle plaintiff to any relief either within or without the order. We do not set out the defendant's testimony in detail, except to say that if it be accepted as true, plaintiff would have no complaint to make against the union or these defendants individually. We must, of course, after verdict accept the plaintiff's testimony as true and give to it the benefit of all reasonable inferences.

The principal question raised by the defendants on appeal, is that the petition failed to state a cause of action and the court had no jurisdiction because plaintiff did not exhaust her remedies within the union of which she was a member to obtain the setting aside of the fine or penalty assessed against her. We are well aware of the rule of law which is recognized in all jurisdictions, that courts do not undertake to regulate the internal affairs of voluntary associations where no property rights are involved, and that those seeking the aid of the courts must exhaust their remedies, whether by appeal or otherwise, within the order or union to which they belong. There is, however, an exception to this rule, and this case comes within the exception.

We quote the following from Martin on Labor Unions, sec. 325, page 397:

"One who is wrongfully expelled from a union need not exhaust his remedies within the union before bringing suit for damages against those whose wrongful acts caused the expulsion. The reasons applicable to suits to compel restoration to membership of one wrongfully suspended or expelled do not apply, it is said, to suits by a member wrongfully expelled to recover damages resulting from such expulsion."

In addition to the above authority, we quote from Mr. Oakes' very recent work, "Organized Labor and Industrial Conflicts," sec. 69, page 77, wherein he states:

"One unlawfully suspended or expelled from a union may sue for damages thereby occasioned; and need not first exhaust his remedies within the organization." [See also, Grand International B. of L. Engineers v. Green, 210 Ala. 496; Thompson v. Grand International Brotherhood of Locomotive Engineers, 41 Texas Civ. App. 176; St. Louis S. W. R. Co. v. Thompson, 113 S. W. 144.]

The plaintiff's evidence, if true, is sufficient to sustain the finding of the jury and the judgment of the lower court. When the fine was imposed upon her it was provided that no further dues should be accepted until the fine was paid, and if the fine was illegal, and imposed without authority, she would hardly be obligated to continue the payment of her dues.

There are other questions raised on this appeal but what we have said disposes of the principal contentions made by appellants here, and the evidence being sufficient to support the judgment the same is accordingly affirmed. *Daues, P. J.,* and *Becker, J.,* concur.