## McBride et al. v. Shultz et al.

*Hirst & Mullaney,* for plaintiffs.

*William A. Gray, Edward Davis,* and *Marshall H. Morgan,* for defendants.

OLIVER, P. J., July 18, 1940.—In this case certain members of Local 470 were punished by suspension and expulsion, thereby losing their rights to obtain work in the occupation for which they had been qualified by training and experience. The chancellor found, properly we are convinced, that the trials which resulted in such punishment were not properly held in accordance with the provisions of the constitution and bylaws of the local and of the International applicable to such trials; that, in connection with the trials, defendants had not acted fairly and in good faith; and that the men suspended and expelled had no right of appeal under the circumstances and that no remedy for their wrongs was provided for by the

constitution or bylaws of either body. Those matters have all so fully been covered in the adjudication that they require no further discussion.

However, defendants at the argument upon exceptions to the adjudication for the first time contended that, as plaintiffs were suing "on behalf of themselves and on behalf of all the other members of . . . Local 470", the chancellor was in error in requiring the local to pay damages to plaintiffs, as the local, in effect, was both plaintiff and defendant. No objection had been made to the caption in the answer filed by defendants, or during the course of the trial, or even in the exceptions. This was something new injected into the case by new counsel, who had not been retained until after the trial had been concluded and the adjudication filed.

The bill of complaint requests two definite types of relief. The first type of relief is requested by the individual plaintiffs who asked that the court decree they had been unlawfully fined, suspended, and expelled from the local and that they be restored to their former status as members. The second type of relief requested is the enjoining of defendants from holding the triennial nomination and election meetings which were scheduled to be held in November and December of 1939. This request is directed primarily against the two officers of the local who are named as individual defendants, inasmuch as they are the two officials of the local who would ordinarily place in operation and assume control of the machinery necessary for the calling and holding of the meetings. It is obvious that many more members of the local than the individual plaintiffs may well be interested in the granting of that relief. Quite possibly all members are interested in it with the exception of the two defendant officers. It, therefore, appears that any possible error in the caption can readily be cured by changing the word "all" contained therein to read "some", so that plaintiffs will be suing "on behalf of themselves and on behalf of some of the other members of . . . Local 470".

Immediately upon the raising of this question by defendants, plaintiffs asked permission to amend the caption of the case for the purpose of making the change above stated. Such permission is hereby granted them.

Defendants further contend that, even aside from the caption of the case, plaintiffs are not entitled to an award of damages from defendant local. Their argument is built largely upon the contention that, if the findings of the chancellor are accepted, defendant officers acted outside the course and scope of their employment when they illegally brought about the suspensions and expulsion of plaintiffs "wholly without the knowledge of the defendant association and/or its individual members," further contending that "the evidence clearly shows that the defendant association neither participated in nor ever ratified the illegal·acts of its officers." But we believe that the officers were acting both within the course and the scope of their employment, that their action was known to the defendant association and to its members and that, instead of being repudiated, it was confirmed and adopted, by the local.

The wrongful acts of the officers of the local might at any time have been corrected and set aside by proper action of the local. However, the local not only did not take any steps to right the wrong done plaintiffs, but evidenced its approval and endorsement of its agents' acts by entering a general appearance to plaintiffs' suit and thereafter filing an elaborate answer to the bill of complaint in which it attempted to justify the conduct of its officers and agents and fully approved and endorsed their conduct in bringing about the suspension and expulsion of plaintiffs and the dismissal of plaintiffs from their positions of employment. The docket entries show that, on October 6, 1939, the local was properly served with the bill of complaint, and that thereafter it caused a general appearance to be entered on its behalf on October 16, 1939, and filed an answer to the bill on October

16, 1939. Certainly, at least from the date of the entry of appearance of counsel for the local in the instant case, it not only had full and complete notice of the wrong done plaintiffs and the damages sustained by them but has approved and attempted to justify the action taken by its duly-authorized officers and agents in bringing about plaintiffs' suspension, expulsion, and dismissal from employment. Furthermore, we feel it is worthy of note to read the sworn affidavit of the president of the defendant local in the answer to the bill of complaint in which appears the following statement: ". . . that he [Schultz] makes this affidavit on his own behalf *and is authorized and does make the same on behalf of the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local 470"*. Unless the individual defendant be permitted, dehors the record, and through counsel, to impeach his own sworn statement, after all pleadings are of record and following a four-day trial, it cannot be argued now with any seriousness that defendant local was not fully responsible for the illegal acts of its duly-authorized agents and did not fully approve and confirm those acts as its own.

The award of damages was against the local and not against its individual members personally. We believe it was eminently proper. In the following cases, the courts have recognized the right to an award of damages against the union under substantially similar circumstances: Schneider et al. v. Local Union No. 60, etc., 116 La. 270; St. Louis Southwestern Ry. Co. of Texas v. Thompson, 102 Tex. 89; Shinsky v. Tracey et al., 226 Mass. 21, 114 N. E. 957; Brennan v. United Hatters of North America, Local No. 17 et al., 73 N. J. L. 729.

The exceptions filed by defendants are dismissed and a final decree will be entered in accordance with the adjudication.

Judge Crumlish concurs in this opinion. Judge Sloane did not sit.