## Binkowski v. Highway Truck Drivers and Helpers, Local 107

*Herbert K. Fisher*, for plaintiff.

*McBride, von Moschzisker & Bradley*, for defendant.

PER CURIAM, February 18, 1957.—We have before us a motion to take off a nonsuit entered by the trial court at the conclusion of plaintiff's case.

Plaintiff commenced an action in assumpsit to recover damages for breach of a contract of employment, arising from his wrongful dismissal as an officer of defendant union. He did not seek reinstatement in the union. Evidence introduced by plaintiff indicated that plaintiff had been elected vice-president of defendant union on November 15, 1953, for a term of three years.

After plaintiff's evidence was in, it remained for the jury whether or not such election automatically carried with it also appointment to the office of business agent, whether he was specifically elected business agent or whether he ever attained the status of business agent at all. This being a motion to take off a nonsuit, the evidence and inferences drawn therefrom must be viewed in the light most favorable to plaintiff; consequently we must assume that plaintiff held the position of business agent of defendant union.

On August 10, 1954, Raymond Cohen, secretary-treasurer of defendant union, removed plaintiff from office by telling him that he was through. No written charges were filed against plaintiff, nor was any hearing held. Plaintiff filed this suit in assumpsit, without attempting to secure an intra-union disposition of his grievance. Because plaintiff failed to utilize his intra-union remedies as a condition precedent to this action, the trial court granted defendant's motion for a nonsuit, both as to the individual defendants in their individual capacities and defendant union itself.

The nonsuit was granted initially because the court felt strongly that, as with all unincorporated associations, internal disputes are initially best left to the workings of union processes for settling disputes, and indeed, the general rule in this area is that a union member must exhaust his remedies within the union before applying to the courts for relief: Trainer v. International Alliance, 353 Pa. 487, 491. The reasons for the rule are obvious:

1. The harmonious functioning of voluntary associations is facilitated by allowing them to settle their own disputes within the framework of the association's judicial machinery: Commonwealth v. Union League, 135 Pa. 301.

2. All members of such associations adopt the constitution and by-laws of the association as the con-

tractual terms of their membership when they become members of the association. The failure to exhaust remedies provided by the association's rules and regulations is a breach of a contractual obligation in itself: William v. Masters, Mates & Pilots, 384 Pa. 413, 417.

3. Intra-association disputes involve specialized problems best left to the disposition of expert tribunals, i. e., the intra-union judicial machinery, more familiar with underlying causes and ramifications of the disputes: Myers v. Bethlehem Shipbuilding Corp., 303 U. S. 41

The present case well illustrates the soundness of these reasons We have before us a situation where plaintiff had the opportunity to secure a remedy within the mechanisms of the union judicial machinery. We have examined the union constitution carefully and find it full of safeguards, which make available avenues through which an aggrieved union member can find relief. Plaintiff contends that he was denied the safeguards of article XXI, sec. 7, which provides: ". . . unless otherwise provided in this constitution, elected business representatives and assistants of local unions are entitled to trial before removal; those not elected but merely appointed or hired are not entitled to such trial before removal."

The evidence is conflicting as to whether or not plaintiff was an elected business agent but, in any event, this being a motion to take off a nonsuit, plaintiff must be considered an elected business representative, and entitled to trial before removal.

Had the union constitution no provision for further proceedings to right plaintiff's "grievance," he would, of course, be entitled to immediate recourse to the courts. But the union constitution provides for full and substantial appeal for all grievances. Plaintiff could have filed charges under article XVIII of the constitution providing for filing of charges against any mem-

ber or officers of the union. Such a charge could have been based upon the constitutional violation which plaintiff contends took place here.

Plaintiff could have appealed directly to the joint council under the provisions of article XV, sec. 4(a), providing for jurisdiction in the joint council: ". . . to try individual cases which local unions refuse or neglect to try in accordance with the trial procedure provided for in Article XVIII."

Plaintiff had, in addition to these remedies, two other alternatives, not specifically referred to in the constitution. These appeals were shown to be available to plaintiff by evidence introduced at trial. First, plaintiff could have appealed to the executive board of the local. Secondly, he could have appealed directly to the general president of the international as had been done in a previous case, the general president deriving such power apparently from article XVIII of the constitution.

So long as an effective remedy availed itself to plaintiff, this court had no jurisdiction to try the case. Of course, if plaintiff had been able to show that any of the remedies provided for were futile, then he would have been excused the necessity for pursuing his internal remedies: Heasley v. Operative P. & C. F. I. Assn., 324 Pa. 257; Gill v. Ladies Catholic Ben. Assoc., 36 Pa. Superior Ct. 458; Local Union No. 65 of Amalgamated Sheet Metal Workers' International Alliance v. Nalty, 7 F. 2d 100, 101 (6th cir.). But plaintiff did not press the issue of futility, he made no effort to pursue internal remedies and has been adamant in his claim that he is entitled to direct recourse to the courts.

Plaintiff further claims that since he seeks only damages for the breach of his contract of employment and not reinstatement in the union, he need not pursue his internal remedies. No Pennsylvania case has ruled squarely on this issue. But cases in other jurisdictions

which have ruled on the issue and concluded an aggrieved union member need not pursue internal remedies in such a situation have done it on the theory that since internal remedies relate only to questions of membership rights, it is impossible for a person who seeks only damages to secure adequate relief: Local Union No. 65, A. S. M. W. I. A. v. Nalty, supra; Grand International Brotherhood L. E. v. Green, 210 Ala. 496, 98 So. 569; Brotherhood of Railroad Trainmen v. Barnhill, 214 Ala. 565, 108 So. 456; Mullen v. Seegers, 220 Mo. App. 847, 294 S. W. 745; Pfoh v. Whitney, 62 N. E. 2d 744 (Ohio App.) ; McCantz v. Brotherhood of Painters, Decorators and Paperhangers, 13 S. W. 2d 902 (Tex. Civ. App.).

This reasoning we believe to be founded upon a wrong premise. There was no showing that the international was not empowered in a meritorious case to compel a local union to respond in damages to an aggrieved member. Though not spelled out as such in the union constitution, it seems that a restoration of membership rights would automatically carry with it the payment of plaintiff's back salary claims: Strobel v. Irving, 14 N. Y. S. 2d 864.

We believe union membership disputes and problems should initially be left to the union in order to facilitate its harmonious workings and keep disputes out of court which can otherwise be amicably adjusted. We, therefore, believe the trial court to be correct in granting a nonsuit as to the union.

As to the nonsuit granted in favor of the individual defendants, little need be said. While the Rules of Civil Procedure have given a plaintiff suing an unincorporated association the right to join individual members of the association as parties defendant, he may enforce liability against them in their individual capacities only where it is shown that some basis for individual liability exists: Pa. R. C. P. 2153(c). No such individ-

ual liability was shown here. The contract sued upon was between plaintiff and the union. No individual contractual liability existed in the individual defendants. The trial court's granting of a nonsuit in favor of the individual defendants must, therefore, be affirmed.

*Final Order*

December 27, 1956, motion to take off nonsuit: "Dismissed".