No. 18,795.

GEORGE HARPER *v.* BLAINE A. GRIBBLE.
(355 P. [2d] 526)

Decided August 2, 1960.   Rehearing denied October 10, 1960.

Mr. JOHN J. GIBBONS, for plaintiff in error.

Mr. VINCENT ROSS, Mr. ROBERT J. PICKELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

HARPER would have this court reverse an adverse judgment entered upon a jury verdict. He contends that the case should not have been submitted to the jury as against him because (1) Gribble had not exhausted the intramural remedies afforded him by the constitution of the labor union, and (2) in relation to the matters complained of, Harper was acting within the scope of his employment as an agent of the local union. In great measure the dismissal of the local union from the case evoked this second ground. His third ground contests the propriety of submitting to the jury the question of exemplary damages.

Gribble, a member of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Line Drivers Local Union No. 961, brought suit for damages for alleged illegal expulsion from the union. He named as defendants the Local Union No. 961, and certain members of the executive board, including Harper, who was also the Secretary-Treasurer.

Before the Joint Council Gribble had stood charged in writing with the violation of eight sections of the union's constitution. The complaint against him was signed "George Harper, Charging Party." To these charges Gribble pled "Not Guilty." Hearing thereon was had on November 13, 1956, and the decision, announced on November 26, 1956, contained a finding that Gribble was guilty of violating all but one of the sections.

An appeal to the proper body of the International Union resulted in a direction that the trial of Gribble be held before the executive board of the Local Union No. 961 in accordance with the union's constitution. The effect of the mandate was to void the hearing and decision of the Joint Council, expelling Gribble. A new

trial before the executive board was never set; in fact, Gribble brought the present suit for damages shortly after the International Union referred the case back to the local union.

In the course of the trial for wrongful expulsion the court admitted in evidence the transcript of the record of the hearing before the Joint Council. Other evidence taking approximately four days to present was introduced. Evidence in great detail in support of the complaint and the defenses was received. A complete airing of the difficulties giving rise to the attempted expulsion was had, as was a full disclosure of the actions of the contending parties relating to the proceedings for expulsion.

At the conclusion of the plaintiff's case all defendants moved for dismissal, and the able trial court sustained the motions as to all but Harper. In presenting his defense Harper showed that he brought to the attention of the executive board the matters which eventuated in the charges he preferred against Gribble. His testimony was to the effect that after relating these matters to the executive board, that board authorized him to file the charges against Gribble. At the conclusion of the defendant's evidence, Harper moved for a directed verdict on the theory that he was acting in the course of his employment in preferring the charges; that he filed them in pursuance of the authority vested in him by the executive board; that the exoneration of Local Union No. 961 should therefore exonerate him.

Harper's motion for a directed verdict was denied. The trial court held that the question of whether the action of Harper was undertaken by him personally or by the union acting through Harper was one for the jury to determine.

■ Was it incumbent upon Gribble to exhaust his remedies within the union before proceeding with the suit for damages for wrongful expulsion? Under varying circumstances courts have in a majority of cases

held that a member of a union may sue for damages occasioned by his wrongful expulsion and that he need not exhaust the remedies afforded him by the union before the union or participating members are called upon to repair the injury inflicted upon him. *Grand International Brotherhood of Locomotive Engineers v. Green,* 210 Ala. 496, 98 So. 569; *Mullen v. Seegers,* 220 Mo. App. 847, 294 S.W. 745; *Rueb v. Rehder,* 24 N.M. 534, 174 Pac. 992, 1 A.L.R. 423; *Pfoh v. Whitney* (Ohio), 62 N.E. (2d) 744; *Taxicab Drivers Local Union No. 889 v. Pittman* (Okla. 1957), 322 P. (2d) 159; *St. Louis & S.W. Ry. Co. v. Thompson,* 102 Tex. 89, 113 S.W. 144, 19 Ann. Cas. 1250; *McCantz v. Brotherhood of Painters, Decorators & Paperhangers* (Tex. Civ. App.), 13 S.W. (2d) 902; *Leo v. Local Union No. 612 of International Union of Operating Engineers,* 26 Wash. (2d) 498, 174 P. (2d) 523, 168 A.L.R. 1440; *Local Union No. 65 of Amalgamated Sheet Metal Workers v. Nalty,* 7 F. (2d) 100.

The cited cases contain excellent discussions of the rule and the reason for it. A typical statement is that to be found in the case of *Grand International Brotherhood of Locomotive Engineers v. Green,* supra:

"Several special pleas advanced the proposition that plaintiff had no standing in court by reason of the fact that he had not exhausted the remedy in such cases afforded by the law of the association for that he had failed to appear [sic] to the General Convention. If plaintiff had proceeded with the purpose merely to compel his restoration to membership, it would have been necessary that he first seek relief in the tribunal of final decision within the organization (State ex rel. McNeill v. Bibb Street Church, 84 Ala. 23, 4 South. 40; Medical & Surgical Society v. Weatherly, 75 Ala. 248) — this for the reason that the remedy in the courts is of such nature that it is allowed as a last resort. In the present case the plaintiff does not seek reinstatement; he seeks compensation in damages for the injury done to his personal and property rights by the wrongful, malicious,

or wrongful and malicious, expulsion from the brotherhood. The authorities may not be in agreement as to whether in such case the plaintiff must need show that he has taken the judgment of the tribunal of last resort within the organization; but our judgment is that the better view is that the plaintiff in a case such as we have here need not allege or show that he has sought by appeal to avoid the decree of expulsion for the reason that a reversal of the decree would not afford full redress for the injury to his property rights and other damages suffered on account of his expulsion from the brotherhood."

We hold that it was not a prerequisite to the right to bring an action for damages for wrongful expulsion that Gribble first exhaust his remedies under the constitution and by-laws of the union.

When Gribble failed to show participation by Local Union No. 961 and two of the members of the executive board in the presentation of charges and attempted proof in support thereof, the trial court properly dismissed them from the case. The fact that Harper in his defense was able to produce evidence which, if believed, would show that he initiated a consideration by the executive board of these charges and that the board thereupon authorized him to prefer the charges does not exonerate Harper. Before launching into a discussion of the law on this second question raised by Harper, it should be borne in mind that Harper was the activating force in "starting the ball rolling" against Gribble; he initiated verbally the complaints against Gribble to the executive board.

It appears to be the law that officers, agents and members of a union who authorize or participate in action causing the unlawful expulsion of a member are liable for the damages thereby occasioned. *Eschman v. Huebner,* 226 Ill. App. 537; *Sweetman v. Barrows,* 263 Mass. 349, 161 N.E. 272, 62 A.L.R. 311; *Baun v. Lumber and Sawmill Workers Union, Local No. 2740,* 46 Wash.

(2d) 645, 284 P. (2d) 275. In the last cited case it was argued that no union member can be liable as an individual, and the court said: "The law unquestionably is that in such a case as this the officers and members of a union or other similar unincorporated association are liable for acts which they individually commit or participate in or authorize or assent to or ratify."

The issue of exemplary damages was presented by the pleadings, and the testimony of the plaintiff, given credence by the jury, warranted the finding that Harper was actuated by the elements necessary to permit the jury to assess such damages. Exemplary damages have been allowed in such cases. *Taxicab Drivers Local Union No. 889 v. Pittman,* supra; *St. Louis & S.W. Ry. Co. v. Thompson,* supra.

Harper was very ably represented in the trial court. He had a fair trial; the jury believed the testimony as presented by Gribble and disbelieved that presented by Harper. Finding no error, the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.